UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20946-CR-MORENO

UNITED STATES OF AMERICA,

v.

TEODORO JULIO GONZALEZ,

Defendant.
_____/



FILED by _AV_ D.C.

SEP 20 2010

STEVEN M. LARIMORE
CLERK U S DIST CT
S.D. of FLA. - MIAMI

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING DISCLOSURE OF GRAND JURY MATTER

Defendant Teodoro Julio Gonzalez, acting pro se, and respectfully moves this Honorable Court pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) to issue an order authorizing disclosure of grand jury matter in the above entitled criminal action. In support thereof Defendant states as follow:

On December 15, 2005, the Defendant was arrested by the Federal Bureau of Investigation in Miami, Florida.

On or about December 22, 2005, the Defendant and several other individuals were indicted by a grand jury in the Southern District of Florida, charging three counts as follow: Count One, conspiracy to possess stolen property shipped in Interstate Commerce, 18 U.S.C. § 371; Count Two, possession of stolen property shipped in Interstate Commerce, 18 U.S.C. § 2315; and Count Three, forcible assault with a deadly weapon of a person assisting a federal officer, 18 U.S.C. § 111(a) and (b). Defendant was not charged with Count three.

On December 25, 2005, the Defendant was released on bond.

Defendant was scheduled to plea guilty on February 6, 2006, however, Defendant did not appear in Court. Defendant was rearrested around June 2006.

On November 7, 2006, the Defendant pled guilty to Count Two of the Indictment, which charges possession of stolen property shipped in Interstate Commerce in violation of Title 18 U.S.C. § 2315. Counts One and Three were dismissed.

On January 30, 2007, the Defendant was sentenced by the District Court to be imprisoned for a term of 96 months to run concurrent with 21 month sentence imposed on the conviction against the charge for failure to appear, which Defendant pled guilty.

On or about February 2010, the Defendant discovered that the Assistant United States Attorney, Mr. Sean Paul Cronin, who prosecuted the above cited criminal action, was sanctioned by this District Court for acting vexatiously and in bad faith in prosecuting the case United States v. Shaygan, Case No. 08-20112-Cr. After sanctions imposed AUSA Cronin voluntarily requested a transfer out of the Criminal Division.

### DEFENDANT IS ENTITLED TO HAVE COPY OF GRAND JURY TRANSCRIPTS

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) provides, inter alia, that "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs— of a grand-jury matter: .... (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because

of a matter that occurred before the grand jury ..." Fed.R.Crim P.6(e)(3)(E)(ii).

The Supreme Court has held that the Rule 6(e) exceptions apply only when a party seeking disclosure of grand jury material shows a "particularized need" for that material. See Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979); see also Posey v. United States, 416 F.2d 545, 557 (5th Cir. 1969)(grand jury minutes should be made available only where, on facts of particular case, interest of justice requires disclosure); United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994)("it is well established that a showing of a 'particularized need' is necessary before the court will accede to ... a release of a grand-jury matters]"); In re United States, 441 F.3d 44, 59 (1st Cir. 2006)(Rule 6 provides that a court may order an exception to grand jury secrecy at the request of a defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury); United States v. Jefferson, 546 F.3d 300, 306 (4th Cir. 2008)(same).

In the instant case, as Defendant stated above, AUSA Cronin, the prosecutor in the above cited criminal action against the Defendant was sanctioned by the District Court for acting vexatiously and in bad faith in prosecuting the case United States v. Shaygan, Case No. 08-20112-Cr. The sanctions imposed on AUSA Cronin were published in U.S. v. Shaygan, 661 F.Supp.2d 1289 (S.D.Fla. 2009).

Defendant needs the grand jury transcripts because disclosure will assist in his collateral attack he is about to start, pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241(Habeas Corpus), attacking on his conviction by providing evidence that witnesses were manipulated by Mr. Cronin in exchange for freedom and at the request of Mr. Cronin lied at the grand jury proceedings.

WHEREFORE the Defendant respectfully prays that this Court issue an Order permitting disclosure of grand jury transcripts.

Respectfully submitted,

Date: September 16, 2010.

Teodoro Julio Gonzalez
#76304-004
NEOCC
2240 Hubbard Rd.
Youngstown, OH  44505

## CERTIFICATE OF SERVICE

I, Julio Teodoro Gonzalez, certify under the penalty of perjury, that on September 16, 2010, I served a copy of Motion for Entry of an Order Authorizing Disclosure of Grand jury Matter upon United States Attorney's Office, Southern District of Florida, 11200 NW 20th Street, Miami, FL 33172, first class mail, postage prepaid.

Date:   September 16, 2010.                    Teodoro Julio Gonzalez