UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 05-20946-CR-MORENO**



UNITED STATES OF AMERICA,

v.

TEODORO JULIO GONZALEZ,

Defendant.

_____/

### MOTION TO COMPEL THE GOVERNMENT TO FILE A RULE 35(b) MOTION FOR REDUCTION OF SENTENCE, OR FOR REDUCTION OF SENTENCE BASED ON DEFENDANT'S SUBSTANTIAL ASSISTANCE

NOW COMES, the Defendant Teodoro Julio Gonzalez, acting pro se, and respectfully moves this Honorable Court to issue an Order compelling the Government to file a motion for reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35(b), or to reduce his sentence, based on his substantial assistance on the above entitled matter. In support thereof, Defendant further states:

On December 15, 2005, a criminal complaint was lodged charging Defendant with conspiracy to possess stolen property shipped in Interstate Commerce in violation of Title 18 U.S.C. § 371 and possession of stolen property shipped in Interstate Commerce in violation of Title 18 U.S.C. § 2315.

On December 20, 2005, the District Judge set a bond at $200,000.00 personal surety and $200,000.00 corporate surety.

On or about December 22, 2006, a Federal Grand Jury in the Southern District of Florida returned a three count indictment against Defendant charging him with conspiracy to possess stolen property shipped in Interstate Commerce in violation of Title 18 U.S.C. §371 and in Count two  and three of possession of stolen property shipped in Interstate Commerce in violation of Title 18 U.S.C. § 2315.

On December 27, 2005, the Defendant was released on the $200,000.00 bond.

On February 6, 2006, the Defendant was scheduled to appear in Court for a plea hearing.  Defendant failed to appear.

Subsequently, the Defendant was indicted and charged for Failure to Appear in violation of Title 18 U.S.C. § 3146(a)(1), Case No. 06-20103-CR-MORENO. [1/]

On June 30, 2006, the Defendant was arrested in the Dominican Republican and removed to Puerto Rico, and later returned to the Southern District of Florida.

On November 7, 2006, the Defendant appear before this Court and pled guilty to Count Two of the indictment pursuant to a written plea agreement.  Counts One and Three were dismissed.

On January 30, 2007, the Defendant was sentenced to 96 months incarceration.  Defendant did not file a direct appeal.

---

[1/]   Defendant pled guilty to the charge and was sentenced to 21 months of imprisonment to run consecutive with the sentence imposed for possession of stolen property.

## POST-SENTENCING SUBSTANTIAL
## ASSISTANCE

After the Defendant was sentenced, he immediately began cooperating with the authorities in order to secure a sentence reduction and to mitigate his overall term of incarceraton. Several interviews and cooperation debriefing meetings were held between Defendant and FBI Agent Amanda Moran.  He was assured by the agents and the Government that his cooperation, if adequate, would result in a sentence reduction.

Because of Defendant's cooperation, the authorities were able to complete several investigations and were able to make several arrests closing several criminal investigations.

## SUMMARY OF DEFENDANT'S COOPERATION

### A.  Initial Debriefing and Family Assistance

Defendant with the assistance of his sister was able to provide information that led to the arrest and prosecution of two individuals who were practicing dentistry without a license placing the public in danger.  Defendant was able to secure the arrest forms and the convictions of these defendant's, Jesus Alvarez  and Osamy Herrera.  Based  on Defendant's assistance, his sister and the authorities were able to penetrate the illegal dentistry operation and the illegal dentist office was shut down. The Government was aware of the ongoing cooperation in this matter. (EXHIBIT A).

## B.  Fugitive Arrest Cesar Francisco

As a result of Defendant's ongoing cooperation, he was able to secure information that led to the arrest and extradition of Cesar Francisco who had fled to the Dominican Republican evading the authorities.  Defendant met with USM Ronald Filo, who advised the Government, AUSA Cronin, of the exact details involving the fugitive and his whereabouts.  The US Marshall's Office was able to pinpoint the fugitive's location in the Dominican Republic and arrest him.

In a memorandum  presented to AUSA Cronin, the US Marshall Filo presented that "without Mr. Gonzalez's assistance, it is highly unlikely that this fugitive would have located and appre- hended in the Dominican Republic."  Further adding, "I understand that Mr. Gonzalez is presently working with the Government on a number of ongoing matters so any motion for a Rule 35 would be premature at this juncture.  Nonetheless, I just wanted to advise you that Gonzalez basically handed us the figutive."

Understanding at the time that cooperation was ongoing, the Government chose to wait for the filing of a Rule 35 motion for sentence reduction.  However, now that the cooperation and arrest have been made, the Government still refuses to file a motion for sentence reduction.  (EXHIBIT B).

## C.  Marijuana Grow House Arrest

Defendant was also able to provide information to the FBI that resulted in the confiscation of 89 marijuana plants with an estimated street value of $120,000.00.  Several individuals

-4-

were arrested and convicted for their involvement.   Once again the Government was aware and encouraged Defendant to cooperate through DEA Agent Aleman and the Drug Enforcement Administration. (EXHIBIT C).

## D. Return of Stolen Merchandise from Costa Rica

During the ongoing cooperation with the authorities, Defendant was able to locate stolen merchandise that was returned to the victim in the United States.   Pyle Pyramid was the victim of a burglary whose goods were sold to Defendant.   Defendant sold the goods to Costa Rica, however, was subsequently able to convince the buyers to return the merchandise to the United States.   The Government is aware that the total merchandise returned to the United States was valued at approximately $25,000.00 Dollars.

## E.   Cooperation on Defendant Intending to Fleed Jurisdiction

During the early stages of Defendant's incarceration, he learned of information that an individual was going to flee the jurisdiction of the court and flee the country.   Defendant immediately contacted Detective Isidoro Martinez and advised him of the plans the individual had.   As a result of this information and cooperation, the defendant in that case was denied bond and remained in custody.

Notwithstanding the Government's refusal to file a motion for sentence reduction, Defendant's attorney at the time advised the Government of the ongoing cooperation and attempted to secure a motion for sentence reduction to no avail.

## LETTER FROM FBI AGENT AMANDA MORAN TO AUSA CRONIN REQUESTING THAT A MOTION FOR REDUCTION OF SENTENCE BE FILED ON DEFENDANT'S BEHALF

On or about June 11, 2010, FBI Agent Amanda Moran sent a letter to AUSA Mr. Cronin, requesting that a motion for reduction of Defendant's sentence be filed by the United States Attorney's Office on behalf of Defendant.  The letter outlined the cooperation and help the Defendant gave to the authorities, securing arrests and convictions.  See copy of letter attached herewith as EXHIBIT D.  The United States Attorney's Office, and/or AUSA Cronin, did not reply to the letter.

## LETTER FROM DEFENDANT'S ATTORNEY, MR. JUAN MOURIN, TO AUSA CRONIN REQUESTING THAT RULE 35(b) MOTION BE FILED ON DEFENDANT'S BEHALF DUE TO HIS COOPERATION

On September 7, 2007, Defendant's Attorney, Mr. Juan Mourin, sent to AUSA Cronin, a letter outlining Defendant's substantial assistance to the Government and requesting that a motion under Rule 35(b) be filed on behalf of Defendant.  AUSA Cronin never replied to the letter.  See copy of letter attached herewith as EXHIBIT E.

## LETTER FROM DEFENDANT'S ATTORNEY, MR. RUBEN OLIVA, TO AUSA CRONIN REQUESTING THAT A RULE 35(b) MOTION FOR REDUCTION OF SENTENCE BE FILED ON DEFENDANT'S BEHALF

On or about July 2, 2007, Defendant hired Attorney Ruben Oliva, to represent him in his criminal case; specifically, to litigate a Rule 35(b) motion for reduction of sentence.

On October 31, 2010, Attorney Ruben Oliva, filed a Notice of Substitution of Counsel, District Court Docket Entry 65.

On January 25, 2008, Attorney Ruben Oliva, sent a letter to AUSA Cronin, requesting that a Rule 35 motion be filed on Defendant's behalf for reduction of sentence.  See copy of letter attached herewith as EXHIBIT F.

On January 29, 2008, Attorney Ruben Oliva, sent E-mail to AUSA Cronin, requesting expedite answer to the letter sent January 25, 2008, regarding the Rule 35 motion request.

On January 30, 2008, AUSA Cronin replied to the letter stating that a Rule 35 motion was not warranted for Defendant. See copy of E-mail attached herewith as EXHIBIT G.

## ARGUMENT

**DEFENDANT IS ENTITLED TO AN ORDER FROM THE DISTRICT COURT COMPELLING THE GOVERNMENT TO FILE A MOTION FOR REDUCTION OF SENTENCE PURSUANT TO RULE 35(b) OR TO A REDUCTION OF HIS SENTENCE BASED ON HIS SUBSTANTIAL ASSISTANCE OR TO AN EVIDENTIARY HEARING**

Federal Rule of Criminal Procedure 35(b) provides that upon the government's motion after sentencing the District Court can reduce a defendant's sentence for substantial assistance.

Rule 35(b)(1) provides that,

Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant after sentencing, provides substantial assist-ance in investigating or prosecuting another person.

Rule 35(b)(2) provides that,

Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(A) information not known to the defendant until one year or more after sentencing;

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Federal Rule of Criminal Procedure 35(b) (U.S.C.A. West 2008).

The government has "'a power to file a motion [for reduction of sentence] when a defendant has substantially assisted.'" See United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1993) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)). The Supreme Court has expressed it this way: "federal courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or religion," or was not "rationally related to any legitimate [g]overnment end.'" Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44.

In the instant case, the prosecutor's refusal to file the Rule 35(b) motion on behalf of the Defendant violates the Equal Protection of the Law and Due Process of the Fifth Amendment and was not rationally related to any legitimate government end; and the government's refusal to honor their obligations and promises at the time have reached a level of "bad faith" requiting judicial intervention.

-8-

(A)
## VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION OF THE FIFTH AMENDMENT

The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property without due process of law.

The Due Process clause of the Fifth Amendment "is a shield against unfair or deceptive treatment of [a defendant] by the Government." United States v. Romano, 583 F.2d 1, 7 (1st Cir. 1978).

In the instant case, the government violated Defendant's due process by intentionally disregarding all attempts that have been made requesting the filing of the Rule 35 motion.  All request have been unaddressed.  See copy of letter from FBI Agent Amanda Moran to AUSA Cronin dated June 11, 2010, EXHIBIT D, unaddressed by the government; copy of letter from Defendant's attorney, Mr. Juan Mourin, to AUSA Cronin, dated September 7, 2007, EXHIBIT E,  unaddressed by the government; and copy of letter from Defendant's attorney, Mr. Ruben Oliva, to AUSA Cronin, dated January 25, 2008, EXHIBIT F,  government replied on January 30, 2008, but did not address substantial assistance in detail.

The government waited until the last day of the one year statute of limitation of Rule 35(b)(1) to reply to Defendant's request that a Rule 35 should be filed on his behalf.  The government intentionally prevented the Defendant form moving this court to compel the government to file the substantial assistance motion under the Rule 35.

To prevail on a due process claim based on the government's delay in filing an information, a defendant must prove both that the government intentionally delayed filing charges to gain a tactical advantage and that he was actually prejudiced by the delay.  United States v. Gouveia, 467 U.S. 180, 192, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984); United States v. Marion, 404 U.S. 307, 325-26, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

Even though the circumstances of the Defendant's case is different from the two Supreme Court cases cited above, for the Defendant is not complaining about delay in the filing of the indictment, the rationale of these two cases should apply to the instant case.  The government (AUSA Cronin) intentionally and maliciously delayed in responding to Defendant's requests, and that action was totally prejudicial to the Defendant.  By replying on the last day of the statute of limitations of Rule 35 the government made impossible for the Defendant to file within one year the motion to compel the government to file a Rule 35(b) motion (substantial assistance) as this court is authorized to review under the Supreme Court authority Wade v. United States, supra, and Eleventh Circuit authority United States v. Forney, supra.

The government blatantly violated the Defendant's due process and Defendant was highly prejudiced in not getting his sentence reduced based on his substantial assistance.

-10-

In addition, the government never addressed whether the substantial-assistance provided by the Defendant meets the criteria for a Rule 35(b) motion to be granted by the District Court. The only statement made by Mr. Cronin, in his E-Mail, sent on January 30, 2008, was

> I have had the opportunity to review what you sent me. The facts you have related with respect to your client's efforts to cooperate were previously considered by my office in deciding if a Rule 35 is appropriate, and the material you have sent me does not substantively expand upon those previously-known facts. Accordingly, it continues to [be] my position that a Rule 35 motion is not warranted for Mr. Gonzalez.

See Mr. Cronin E-Mail to Defendant's counsel, EXHIBIT G. By Mr. Cronin's statement one can assume that he did not consider any post-sentencing substantial assistance the Defendant provided the government with.

Had the government presented a motion for reduction of sentence on Defendant's behalf, based on his post-sentencing assistance, this Court would have granted. Pursuant to Federal Rule of Criminal Procedure 35(b), upon the government's motion, a court may reduce a defendant's sentence after sentencing on the basis of his substantial assistance. The Eleventh Circuit has held that a district court may reduce a sentence under Rule 35(b) "only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person." See United States v. Chavarria-Herrara, 15 F.3d 1033, 1037 (11th Cir. 1994). In United States v. Martin, 455 F.3d 1227, 1235 (11th Cir. 2006), the court describes the factors in which the

district courts should consider in deciding a substantial assistance motion:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and
>
> (5) the timeliness of the defendant's assistance.

Martin, supra, Id. at 1235.

In the instant case, the substantial assistance provided by the Defendant conforms with all the factors the district court apply in order to reduce a sentence:  Defendant truthfully provided all the information he had, post-sentencing, and because of the reliability of the assistance the authorities had individuals arrested and prosecuted.  See Summary of Defendant's Cooperation, supra, pp. 3-5.  As to the nature and extent of Defendant's assistance, the government obtained Defendant's assistance prior to sentencing and after sentencing. Every bit of information Defendant had he truthfully passed them on to the authorities.  Also, the Defendant and his family placed themselves in great danger and took the risk of injury by helping the authorities in the arrest and prosecution of Jesus Alvarez and Osamny Herrera.  Based on Defendant's assistance, his sister and the authorities were able to penetrate the

illegal dentistry operaton and the illegal dentist office was shout down.  <u>See</u> EXHIBIT A.  Defendant also assisted the authorities in the fugitive arrest of Cesar Francisco, EXHIBIT C; the return of the merchandise from Costa Rica; and the cooperation on a defendant intending to fleed jurisdiction.  <u>See</u> Defendant's assistance in more detail in Summary of Defendant's Cooperation, <u>supra</u>, pp. 3-5.

Had this court been presented with a Rule 35(b) motion by the government, the Court would have granted and reduced the Defendant's sentence.  District Courts in the Eleventh Circuit have granted substantial-assistance motions based on much less information and assistance provided by the defendants.  <u>See</u>, i.e., the case <u>United States v. Blyden</u>, 210 Fed.Appx. 928 (11th Cir. 2008), which the court stated that,

> The government said that Blyden provided "minimal" help, and that his testimony was duplicative of others who spoke at the co-conspirator's sentencing hearing, but that Blyden had in fact rendered substantial assistance.  The government left it to the district court to decided on the appropriate reduction.

<u>Id.</u> at 929.  The district court granted the defendant a sentence reduction.

Based on Defendant's assistance, which was much more substantial than the assistance Blyden provided, the government should have at least presented the Rule 35 motion to the district court and let the court decide whether his assistance warrants a sentence reduction and how much it should be reduced.

In responding to Defendant's requests the last day of
the year statute of limitation, and for not addressing the
substantial-assistance the Defendant provided, the government's
declining in filing the Rule 35 motion violates the Fifth Amend-
ment to the United States Constitution

## EQUAL PROTECTION OF THE LAW
## VIOLATION

The equal protection constraints are imposed by the Due
Process of the Fifth Amendment.  See Bolling v. Sharpe, 347 U.S.
497, 498-99 (1954)(recognizing equal protection component of
Fifth Amendment Due Process Clause).

In Engquist v. Or. Dep't of Agric., ___U.S.___, 128 S.Ct.
2146, 2152, 170 L.Ed.2d 975 (2008), the Supreme Court identified
two classes of equal protection claims.  One of the equal protec-
tion challenge are "typically ... concerned with government
classifications that affect some groups of citizens differently
from others."  Id at 2152.  Therefore, individuals pursuing
equal protection challenges ordinarily "allege that they have
been arbitrarily classified as a member of an 'identifiable
group.'"  Id.  The second equal protection challenge, a class-of-
one equal protection challenge asserts that an individual has been
"irrationally singled out," without regard for any group affilia-
tion, for discriminatory treatment.  Id at 2153.

In the instant case, the Defendant was irrationally singled
out by the government.  The Rule 35(b) motion should have been
filed on his behalf.  Criminal defendants in the Eleventh Circuit

-14-

that have provided much less important and valuable information and cooperation to the government had their Rule 35 motion filed on their behalf.  See, for example, the cases of (1) United State v. Garcia, D.C.Dockt.No.93-0532-CR-KLR (SD FL)(facts taken from U.S. v. Garcia, 215 Fed.Appx. 948(11th Cir. 2007)), in which a Rule 35 motion was filed and sentence reduction granted, even though the district court considered factors other than his substantial-assistance, such as the nature and circumstances of the underlying offense and his prior criminal history, in determining the extend of the reduction; (2) United States v. Blyden, D.C. Docket No. 98-00049-CR-03-1 (S.D.GA.)(U.S. V. Blyden, 210 Fed.Appx. 658 (11th Cir. 2007)), the defendant provided "minimal" help, Rule 35 motion was filed and sentence reduction granted; (3) United States v. Wilson, D.C. Docket No. 04-8077-CR-WJZ (S.D. FLA.)(309 Fed.Appx. 418 (11th Cir. 2009)), Rule 35 motion was filed and sentence reduction granted where the defendant had come forward to provide information in a trial in spite of his testimony's placing his family in danger; (4) United States v. Orjuna, D.C. Docket No. 03-00126-CR-FTM (M.D. FLA.)(U.S. Orjuna, 351 Fed.Appx. 418 (11th Cir. 2009)), Rule 35 motion filed and sentence reduction granted based on defendant's testimony in a trial.

In the instant case, the AUSA Mr. Cronin never considered the scope and extent of the Defendant's cooperation and assistance: Defendant truthfully provided reliable information to the authorities; he and his family took risk of injury and put their lives in danger; all the information and assistance provided by

-15-

the defendant, in which he try to get the benefits took place post-sentencing and the district court never had the opportunity to make a decision whether the Defendant should be granted a sentence reduction.

In not filing a Rule 35 motion on behalf of the Defendant, the government, specially the AUSA Mr. Cronin, representing the government singled him out and violated his right under the Fifth Amendment to the United States Constitution.

<u>MR. CRONIN, THE AUSA REPRESENTING THE GOVERNMENT<br>AGAINST THE DEFENDANT HAS BEEN SANCTIONED BY<br>THIS DISTRICT COURT</u>

Defendant respectfully submits that AUSA Mr. Cronin, now former AUSA Mr. Cronin, has been sanctioned by this Court for acting vexatiouisly and in bad faith prosecution in the case of <u>United States v. Ali Shaygan</u>, Case No. 08-20112-CR.  This Court entered an order granting the Defendant's Motion for Sanctions and issue a public reprimand against the United States Attorney's Office and specially agianst AUSA Sean Cronin and others.  The opinion of the Court was placed on <u>U.S. v. Shaygan</u>, 661 F.Supp.2d 1289 (S.D.Fla. 2009).

After sanctions Mr. Cronin voluntarily requested a transfer out of the Criminal Division.

This Court should hold an evidentiary hearing pertaining to Mr. Cronin discriminatory, misconduct, and bad faith actions against the Defendant while representing the government in this criminal case.

-16-

(B)

### REFUSAL TO FILE RULE 35 MOTION WAS NOT RATIONALLY RELATED TO A LEGITIMATE GOVERNMENT END

A review of a refusal to file a Rule 35 motion is also appropriate where the government refusal to file a motion was not rationally related to a legitimate government purpose. Wade, supra, 504 U.S. at 186, 112 S.Ct. at 1844.

As the Supreme Court explained in Wade, "the government's decision not to move may [be] based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving." 504 U.S. at 187, 112 S.Ct. 1840.

In the instant case, the government never explained the reason it had not to file the Rule 35 motion. The AUSA Cronin's E-Mail, sent on January 30, 2010, only states that "the material you sent me does not substantively expand upon those previously known facts." Mr. Cronin did not state that the government's refusal was rationally related to a legitimate government end. In fact, he could not because the Defendant benefited the government and the authorities of Florida more than the government benefited him. How Defendant benefited the government and the refusal to file the motion was not rationally related to a legitimate government purpose is explained below:

   (1) The Defendant pled guilty to the charges and saved the government and the court's resources, time and expenses in not taking his criminal case to a jury trial;

   (2) The defendant accepted responsibility for his crime and received a guideline downward departure based on his acceptance of responsibility;

-17-

(3) The Defendant signed an appeal waiver saving Court and government's resources, time and expenses.

(4) The defendant and his family prior and post-sentencing provided assistance to the government (See Summary of Defendant's Cooperation, supra, pp 3-5).

(5) The Defendant did not engage in any criminal activity post-sentencing.

In United States v. Ducan, 242 F.3d at 940, 949 (10th Cir. 2001), the Tenth Circuit held that government's legitimate interest in "cessation of all further criminal activity by the defendant" justifies refusal to file a motion for reduction for substantial assistance. Id. at 949. See also United States v. Moreno-Trevino, 432 F.3d 1181, 1186-87 (10th Cir. 2005), holding that government was justified in refusing to file motion even where it argued that defendant's actions were "totally" inconsistent with acceptance of responsibility." United States v. Newson, 515 F.3d 374, 378-79 (5th Cir. 2008)(concluding that the government's failure to move for reduction was not arbitrary where the defendant refused the appellate waiver provision in a proposed plea agreement).

In light of the cases the Defendant cited above the government had no legitimate purpose in not fiing the Rule 35 motion. The substantial assistance the Defendant provided the authorities were 100% substantial, the action of the government in not filing the motion was arbitrary, violative of Constitution and had no legitimate governmental purpose.

-18-

(C)
## THE ACTIONS OF THE GOVERNMENT REFUSING HONOR THEIR OBLIGATIONS AND PROMISES CONSTITUTE "BAD FAITH" REQUIRING JUDICIAL INTERVENTION

The matter on whether the District Court has the authority to "compel" the government to follow a specified promise is a split issue.  When an approval of cooperation allows for a substantial assistance motion contingent on the government's subjective evaluation of a defendant's effort to cooperate, the District Court may also review to determine whether the prosecutor made his determination on good faith.  United States v. Knight, 968 F. 2d  1483, 1487 (2nd Cir. 1992)

Likewise, the Tenth Circuit has held, "[w]hen a cooperation agreement leaves the discretion to the prosecutor, the Court's role is limited to deciding whether the prosecutor has made his determination in good faith," United States v. Robinson, 978 F.2d at 1569 (10th Cir. 1992); United States v. Burrel, 963 F.2d 976 (7th Cir. 1982).

On the other hand, the face language placing discretion with the government, the Seventh and Eighth Circuits have declined to review, even under permissive  "good faith" standard, the government's decision not to file a 5K1.1 motion.[1] See United States v. Burrell, 963 F.2d 976 (7th Cir. 1982).

---

[1]   Most of the case in the are relates to motions filed pursuant to 5K1.1. This provision rewards a defendant for cooperation rendered prior to sentencing.  Rule 35(b) of the Federal Rules of Criminal Procedure rewards a defendant for post-sentencing cooperation.  See United States v. Martin, 25 F.3d 211, 216 (4th Cir. 1994).  In all other respects, the two provisions are the same.  As such, the case law relating to §5K1.1 motions directly applicable to the facts of this case.

More directly, specific performance may also be available when the government breaches a promise to a cooperation agreement clause. [2/]  See United States v. Rexach, 896 F.2d 710, 713, 714 (2nd Cir. 1990); United States v. Khan, 920 F.2d 1100, 1105 (2nd Cir. 1990).  In Rexach and Khan, the Court subjected cooperation provisions to an analysis similar to that conducted in Santobello v. New York, 404 U.S. 157, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and provided the District Court's guidance for reviewing the government's refusal to move for a downward departure based on its evaluation of the defendant's agreement.

When the cooperation understanding is conditioned on its satisfaction with the defendant's efforts, as the Second Circuit noted on Rexach, this condition is met "if the obligor is honestly, even though unreasonably, dissatisfied."  Rexach, 898 F.3d at 713 (quoting Restatement (Second) Contract §228).

In Santobello, the Supreme Court noted, "[h]owever, all of these considerations presuppose fairness in securing agreements between an accused and a prosecutor."  404 U.S. at 261, 92 S.Ct. at 498.  Court's generally interpret a cooperation statement according to principles borrowed from contract law.  United States v. Jeffries, 908 F.2d 1520, 1523 (11th Cir. 1990).  Because of the

---

2/   It is Defendant's position that the promises made to him by AUSA Cronin when he was cooperating that he would receive a Rule 35(b) motion for his cooperation resulted in useful information to the government, is the same as a written plea agreement.  the AUSA acting on behalf of the government promised Defendant a sentence reduction for his cooperation should his information result in the prosecution of another individual.

necessity of insuring "fairness" to the defendant, however, Court's hold the government to a higher standard than those that would be applied in civil contract disputes.  For example, "cooperation agreements are not an appropriate context from the government to resort to a rigid literal approach in the construction of the language."  In Re Arnett, 804 F.2d 1200, 1203 (11th Cir. 1986) (quoting United States v. Bowler, 585 F.2d 851, 854 (7th Cir. 1978)).

Thus, a Court should not accpet a "hyper technical reading or interpretation" of a cooperation agreement.  Jeffries, 908 F.2d at 1523.  In interpreting cooperation agreements, a Court must look to "the defendant's reasonable understanding at the time he entered the agreement."  United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992); United States v. Dixon, 998 F.2d F.2d 228 (4th Cir. 1993).  See also, Arnett, 804 F.2d at 1202, 1203.  Any ambiguous terms in a cooperation agreement must be construed against the government.  Jeffries, 908 F.2d at 1523.

The rational for these rules is "that a negotiation agreement must be construed in light of the fact it constitutes a waiver of 'constitutional rights' requiring that the defendant be adequately warned of the consequences of the agreement.  Jeffries, 908 F.2d at 1523.

## COOPERATION AGREEMENT AS WELL AS GOVERNMENTAL AGREEMENTS ARE CONTRACTS THAT MUST BE FOLLOWED AND IMPLEMENTED BY THE PARTIES UPON ACCEPTANCE BY THE COURT

Under the traditional contract principles, "every contract imposes upon each party a duty of good faith dealing in its performance and enforcement." Id. Restatement (Second) or Contracts @ 205 (1981).

The cooperation statement in this case is one sided, the government is obligated to file a §5K1.1 or a Rule 35(b) motion, only if it decides, in its sole discretion that Defendant's assistance was satisfactory. Such one-sided agreements (often called "promises" conditional on personal satisfaction) are valid contracts provided the duty of good faith and fair dealing is imposed upon the parties. "Under any interpretation (a promise conditional on personal satisfaction), the exercise of judgment must be in accordance with the duty of good faith and fair dealing, and for this reason the agreement is illusory. Id. at 28, Cmt. A.

The government is refusing to follow the duty of good faith and fair dealing. This holding is not only inconsistent with the law of contracts; it flies on the face of the Court's obligation to ensure fairness in the proceedings. In essence, should this Court's obligation to ensure fairness in the plea proceedings. In essence, should the Court refuse to grant this inquiry, this Court will actually determine that Petitioner has exchanged for the promise to cooperate and thereby place himself and his family in danger of reprisal and the government promises absolutely nothing and the Court would not intervene.

The Courts are obligated to interpret a cooperation statement in accordance with "the defendant's reasonable understanding." In United States v. Hernandez, 996 F.2d 62 (5th Cir. 1993), the cooperation approval provided that the "Government may make a motion for a downward departure at sentencing." Id. at 63. Remanding the case for the District Court to determine, among other things, the meaning of the word "may" in the context of the agreement, the Fifth Circuit stated:

> "We find it difficult, if not impossible, to believe that any defendant would knowingly enter into a cooperation agreement in which the Government retains unfettered discretion to make or not to make that motion, even if the defendant should indisputably provide substantial assistance. On remand of this case, the Government should not be heard to make the legalistic argument that merely by using the word "may" the Government is free to exercise the prosecutor's discretion whether to make to the motion for downward departure. Given the admirably candid concessions it made to this Court in oral argument, the Government cannot hereinafter insist that Hernandez' knowingly intelligently walked into such an illusory 'bargain.'"

Id. Hernandez, 996 F.2d 62 (5th Cir. 1993).

The Second Circuit has developed a procedure for a District Court to follow when a defendant alleges that the Government has acted in bad faith in failing to file a Rule 35(b) motion. "When a defendant claims that the Government has acted in bad faith in refusing to move for a downward departure the Government may rebut this allegation by refusing to depart. The defendant must then make a showing of bad faith to trigger some form of hearing on that issue... Whether it be merely oral argument or should include a formal hearing is a matter that lies within the sole discretion of the court." Id. Knights, 968 F.2d at 1487.

In a similar case as Defendant's  a cooperation statement in <u>United States v. Ganz</u>, 806 F.Supp 1567 (S.D. Flar. 1992), reserved for the Government the sole discretion to decide whether a 5K1.1 motion was appropriate.  However, Judge Highsmith determined after a hearing, that the government had acted in bad faith in deciding not to file a 5K1.1 motion and ordered the government to file the motion.

In response to the government's motion for reconsideration in which it argued that Judge Highsmith had erred in imposing upon it a contractual obligation to act in good faith, Judge Highsmith clarified:

> "The Government's renewed attempts to skirt the obligation of a contract' prompted the Court to repeat and expand its discussion of the sovereign's legal duty to perform the specified obligation of that contract."  No document provides a better starting point that out Declaration of Independence, where we, as people, committed ourselves to a government that derives its "just powers from the consent of the governed."

The consent theory of government, expounded by philosophers such as John Locke and Jean Jacques Rousaseau and adopted by our founding fathers support the concept of a government entrusted by the people with carrying on the affairs common to us all:

> "What is the Government, but a trust committed by all, or by most, to one, or a few, who are to attend upon affairs of all, that every one may, with the more security, attend upon his own?"

As trustees of the people, the government is held to a higher standard which entails the prosecution of crimes.  This higher standard requires the sovereign to perform its contractual duties with a sharperned sense of good faith and fair dealing.  The fact

-24-

that the other party to the contract is a criminal defendant does not alter the government's duty.

In sum Justice Hugo L. Black accurately portrayed this stricter duty when he paraphrased Justice Oliver Wendell Holmes' earlier statement that, "Men must turn square corners when they deal with the Government."  Rock Island, A & L.R.Co. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188 (1920). Justice Black stated:

> "It is no less good morals and good law that the Government should turn square corners in dealing with the people than the people should turn square corners in dealing with the Government."

Regis Paper Co. v. United States, 368 U.S. 208, 229, 82 S.Ct. 289, 301 (1960)(Black J. dissenting).

## POST CONVICTION REHABILITATION SHOULD BE CONSIDERED WITH THIS MOTION TO COMPEL OR TO REDUCE SENTENCE PURSUANT TO RULE 35(b)

Defendant  presents that this Court should consider his extensive post conviction rehabilitation efforts when it consider whether the Government has acted in bad faith in refusing to grant a sentence reduction.

Since his arrest and conviction, Petitioner has been able to complete numerous post conviction courses offered by the Federal Bureau of Prisons,  specifically:

1. Forty (40) Hour Substantial Abuse Program;

2. Twenty (20) Hours of Training in securing his Commercial Driver's License (CDL);

3. Mavis Beacon Typing Class 16;

4. Geography of Adult Continual Education;

5.   Political Science of Adult Continual Education;

6.   Navigation of Adult Continual Education;

7.   Stock Broker of Adult Continual Education;

8.   Beginning Harmonica Class;

9.   Motivation Classes;

10.   Anger Management Classes;

11.   Communications Skills Classes;

12.   Parenting Classes;

13.   Release and Reintegration Classes;

14.   Employment Classes;

15.   Money Management Classes.

See copy of Defendant's certificates attached as EXHIBIT H.

When this Court addresses the matters in the motion to compel, it can also address the extend of sentence reduction that Defendant should receive based on this post-conviction rehabilitation.

Post-offense rehabilitation efforts "may provide a basis for departure." United States v. Whitaker, 152 F.3d 1238, 1240 (10th Cir. 1998). The Supreme Court has grounded this holding in Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), which held that "only those factors on which the [Sentencing] Commission has forbidden reliance," such as drug or alcohol dependence, race, sex, national origin, religion, etc. "never may provide an appropriate basis for departure." Whitaker, 152 F.3d at 1240 (citing United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997)(citing Koon, 518 U.S. at 93)). Thus, because the the Sentencing Guidelines nowhere forbid courts to depart downward

on the basis of post-conviction rehabilitation, the district court incorrectly concluded that it had no authority to depart downward on that basis.

Almost all circuits that considered the issue have held that post-offense, post-conviction, or post-sentencing rehabilitation may be a proper basis for a downward departure.  United States v. Green, 152 F.3d 1202, 1206-08 (9th Cir. 1998)(post-sentencing rehabilitation); United States v. Rhodes, 145 F.3d 1375, 1378-82 (D.C. Cir. 1998)(post-conviction rehabilitation); United States v. Kapitzke, 130 F.3d 820, 823-24 (8th Cir. 1997)(post-offense rehabilitation); United States v. Core, 125 F.3d 74, 76-79 (2d Cir. 1997)(post-conviction rehabilitation), cert. denied; Reyes v. United States, 522 U.S. 1067, 118 S.Ct. 735, 139 L.Ed.2d 672 (1998); United States v. Sally, 116 F.3d 76, 79-82 (3d Cir. 1997) (post-conviction rehabilitation; United States v. Brock, 108 F.3d 31, 33-35 (4th Cir. 1997)(post-conviction rehabilitation).

Since Defendant has spent the time of incarceration rehabilitating himself, this Court should consider the extent of rehabilitation when it addresses the matter raided herein.

## CONCLUSION

WHEREFORE, Defendant respectfully prays that this Honorable Court GRANT this motion and compel the government to file a Rule 35(b) motion or reduce the Defendant's sentence based on his substantial assistance and order an evidentiary hearing to determine the government's reason for failing to file a Rule 35(b) motion in direct conflict of the promises made by the government.

Respectfully submitted,

Date: _9 - 16 - 2010_.

Teodoro J. Gonzalez
Reg.#76304-004
NEOCC
2240 Hubbard Rd.
Youngstown, OH  44505

# Exhibit

# "A"

# E X H I B I T   "A"

**Court Case No.:** F07002755         **State Case No.:** 132007CF0027550001XX

**Name:** HERRERA, OSAMNY                                    **Date of Birth:** 04/06/1965

**Date Filed:** 01/24/2007         **Date Closed:** 05/03/2007         **Warrant Type:**

**Assessment Amount:** $458.00         **Balance Due:** $0.00         **Stay Due Date:** 04/03/2008

**Hearing Date:**                 **Hearing Time:**                 **Hearing Type:**

**Court Room:** REGJB - JUSTICE BUILDING, ROOM No.: 7-4

**Address:** 1351 N.W. 12 ST

**Previous Case:**                 **Next Case:**

**Judge:** EIG, SPENCER         **Defense Attorney:** MOLDOVAN, FRED

**Bfile Section:** F002         **File Location:** FILE ROOM         **Box Number:**

## Charges:

| Seq No. | Charge | Charge Type | Disposition |
|---------|--------|-------------|-------------|
| 1 | DENTISTRY/NO LICENSE | FELONY | WH ADJ-PROB SP COND |
| 2 | PRE DR/SELL/DELV/INT | FELONY | WH ADJ-SUSP ENT SENT |

## Additional Info:

**Probation Start Date:** 05/03/2007         **Probation End Date:** 05/02/2008

**Probation Length:** 12 MONTHS         **Probation Type:** PROBATION

**Defendant in Jail:** N         **Defendant Release to:** GALLENO/LNI,

**Bond Amount:** $7,500.00         **Bond Status:** DISCHARGED

**Bond Type:** SURETY         **Bond Issue Date:** 01/23/2007

## Dockets:

| Seq. No. | Date | Book/Page | Docket | | | |
|----------|------|-----------|--------|---|---|---|
| 46 | 05/16/2008 | | ORDER: TERMINATING PROBATION | | | |
| 45 | 05/02/2008 | | MOTION TO TERMINATE PROBATION/COMMUNITY CONTROL FILED 05/02/2008 ORAL SET FOR 05/02/2008 AT 09:00 GRANTED | | | |
| 44 | 04/08/2008 | | COURT FEE PAYMENT 458.00 RECEIPT # 0844956 | | | |
| 43 | 04/07/2008 | | NOTICE OF FAILURE TO PAY SENT | | | |
| 42 | 06/05/2007 | | INTAKE PROS. ASSIGNED: GORDON'WEITHORN, MARCIE | | | |
| 41 | 05/16/2007 | 025629/01542 | FINDING OF GUILT/ORDER W/H ADJUDICATION & SPECIAL CONDITIONS | | | |
| 40 | 05/04/2007 | | DISCHARGE CERTIFICATE ISSUED 2007BB000822 | | | |
| 39 | 05/03/2007 | | INTAKE PROS. ASSIGNED: SOREN, MAX | | | |
| 38 | 05/03/2007 | | SCORESHEET NOT SUBMITTED IN COURT | | | |
| 37 | 05/03/2007 | | ORDER OF SUPERVISION ONE (1) YEAR PROBATION | | | |
| 36 | 05/03/2007 | | MEMORANDUM OF COSTS AMOUNT 458.00 | | | |
| 35 | 05/03/2007 | | STAY GRANTED - DUE 04/03/2008 | | | |
| 34 | 05/03/2007 | | DESCRIPTION | ASSESSED | PAID | BALANCE |
| | | | LOC CRIM JUS | 200.00 | 200.00 | 0.00 |
| | | | CRM COMP TR | 50.00 | 50.00 | 0.00 |
| | | | STATE LETTF | 3.00 | 3.00 | 0.00 |
| | | | COUNTY LETTF | 2.00 | 2.00 | 0.00 |
| | | | ADD'L COURT | 65.00 | 65.00 | 0.00 |
| | | | TEMP SURCHAR | 85.00 | 85.00 | 0.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | CRIME PREV F | 50.00 | 50.00 | 0.00 |
| | | TEEN COURT F | 3.00 | 3.00 | 0.00 |
| | | TOTAL: | 458.00 | 458.00 | 0.00 |
| | | LAST ASSESSED: 05/03/2007 | | LAST PAYMENT: 04/08/2008 | |
| 28 | 04/26/2007 | NOTICE OF HEARING 05-03-07, 9:00 AM | | | |
| 26 | 04/25/2007 | REPORT RE: PLEA SET FOR 05/03/2007 AT 09:00 | | | |
| 25 | 04/10/2007 | TRIAL PROS. ASSIGNED: SOREN, MAX | | | |
| 24 | 02/27/2007 | TRIAL UNIT ASSIGNED: FELONY DIVISION 02 | | | |
| 23 | 02/21/2007 | DISCOVERY RESP: STATE'S DEMAND FOR DISCOVERY & DEMAND FOR AL | | | |
| 22 | 02/21/2007 | NOTICE OF MANDATORY DNA COLLECTION | | | |
| 21 | 02/21/2007 | TRIAL PROS. ASSIGNED: RAMIREZ JR, MANUEL | | | |
| 18 | 02/21/2007 | INFORMATION FILED | | | |
| 16 | 02/12/2007 | ARRAIGNMENT HEARING SCHEDULED FOR 02/21/2007 AT 09:00 | | | |
| 14 | 02/01/2007 | DEMAND FOR DISCOVERY | | | |
| 13 | 02/01/2007 | DEMAND FOR TRIAL BY JURY | | | |
| 12 | 02/01/2007 | WRITTEN PLEA OF NOT GUILTY | | | |
| 11 | 02/01/2007 | NOTICE OF APPEARANCE FRED J. MOLDOVAN, ESQ. | | | |
| 8 | 01/31/2007 | INTAKE UNIT ASSIGNED: FSU - CASE SCREENING | | | |
| 7 | 01/31/2007 | INTAKE PROS. ASSIGNED: GORDON*WEITHORN, MARCIE | | | |
| 10 | 01/24/2007 | BOND RECEIVED 2007BB000822 | | | |
| 9 | 01/24/2007 | BOND RECEIVED 2007AA002896 | | | |
| 5 | 01/23/2007 | LNI AMT/ 7500 ISSUED 01/23/2007 POWER/2007BB000822 | | | |
| 4 | 01/23/2007 | LNI AMT/ 5000 ISSUED 01/23/2007 POWER/2007AA002896 | | | |
| 2 | 01/23/2007 | DEFN ZIP CODE CHANGED BY FINALIST PURSUANT TO BOOKING | | | |
| 1 | 01/23/2007 | ARRAIGNMENT HEARING SCHEDULED FOR 02/12/2007 AT 09:00 | | | |

| OBTS Number | | | | ☒ Felony  ☐ Misdemeanor  ☐ Traffic | Jail No. | | PD 07011803|2778 |
| | | | | ☐ Juvenile  ☐ Warrant | | | |
| IDS No. | | Agency Code | Municipal P.D. Def. ID No. | | MDPD Records and ID No. | | Court Case No. |
| | | 30 | | | | | |

| DEFENDANT'S NAME  Last  First  Middle | | DOB mo/day/yr | Sex | Race | Ethnic | Height | Weight | |
| HERRERA  OSAMNY | 04 / 06 / 1965 | M | W | | 5'5" | 175 | BLK BRN |

LOCAL ADDRESS  Street  City  State  Zip  Phone  Alias
948 SOUTHWEST 71ST AVE  MIAMI  FL  33182

PERMANENT ADDRESS  Street  City  State  Zip  Phone
SAME AS ABOVE
Address Source  ☒ Verbal  ☐ Voter's I.D.
☒ Driver's License  ☐ Other

BUSINESS ADDRESS  Street  City  State  Zip  Phone
Occupation  Place of Birth
CUBA

DRIVER'S LICENSE NO.  State  Social Security No.  Scars, Tattoos, Unique Physical
H660-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  FL  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  NONE VISIBLE

| Weapon Seized? Type | Arrest Date mo/day/yr | Arrest Time | | Location of Arrest | GRID |
| ☐ Yes  Type | 0 1 / 2 2 / 2007 | 725 | ☐ A.M.  ☐ P.M. | 948 SOUTHWEST 71ST AVE | |
| ☒ No | | | | | |

If Def. has Concealed Weapons Permit.
PERMIT #  W-

For Robbery, Burglary, F/A Viol: Suspected History of drug involvement?  ☐ Yes  ☐ No
No. Cases Cleared  Influence of Drugs  ☐ Yes  ☒ No ☐ Unk.  Influence of Alcoh.  ☐ Yes  ☒ No ☐ Unk.  Citizenship  USA
Resid. Type  ☐ City  ☐ Dade  ☐ Florida  ☐ Out of State

CO-DEFENDANTS
1.  Last  First  Middle  DOB mo/day/yr
N/A
☐ In Custody  ☐ Felony  ☐ Juvenile
☐ At Large  ☐ Misdemeanor

2.  Last  First  Middle  DOB mo/day/yr
N/A
☐ In Custody  ☐ Felony  ☐ Juvenile
☐ At Large  ☐ Misdemeanor

| CODE | DRUG ACTIVITY  N. N/A  P. Possess | S. Sell  B. Buy  T. Traffic | R. Smuggle  D. Deliver  E. Use | K. Dispense/Distribute  Z. Other | M. Manufacture/Produce/Cultivate | DRUG TYPE  N. N/A  A. Amphetamine | B. Barbiturate  C. Cocaine  E. Heroin | H. Hallucinogen  M. Marijuana  O. Opium/Deriv. | P. Paraphernalia/Equipment  S. Synthetic | U. Unknown  Z. Other |

SIGNAL:  ☐ 100  ☐ 150  ☐ 200  ☐ 250  ☐ 300  ☐ 400

| CHARGES | Activity | Type | Counts | STATUTE | D.V. | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW☐CIT# | VIOLATION OF SECT. |
| 1. UNLICENSED PRACTICE OF DENTISTRY | N | N | 1 | 466.026(1)(A) | | | |
| 2. POSS. OF LEGEND DRUGS W/INTENT TO DISPENSE. | P | Z | 1 | 499.0051(6) | | | |
| 3. | | | | | | | |

4.
OF THE CODE OF
MIAMI-DADE

The undersigned certifies and swears that he has just and reasonable grounds to believe, and does believe that the above named Defendant

On the __22__ day of __January__ 2007, at __725__  ☐ A.M. ☒ P.M.  948 SOUTHWEST 71ST AVE (RESIDENCE)
(Time)

committed the following violation of law: Narrative; (Be specific)  PURSUANT TO INFORMATION RECEIVED FROM AN ANONYMOUS SOURCE INDICATING THAT THE
DEFENDANT MR. OSMANY HERRERA WAS PRACTICING DENTISTRY ILLEGALLY AT HIS RESIDENCE. AN UNDERCOVER OPERATION
WAS INITIATED ON THE ABOVE DATE AND TIME. DET. A. GODOY, (ID#2822), WHILE WORKING IN AN UNDERCOVER CAPACITY THE
DET. RESPONDED TO ABOVE LOCATION FOR A SCHEDULED CONSULTATION WITH THE DEFENDANT. ONCE AT THE LOCATION, DET.
GODOY MADE CONTACT WITH THE DEFENDANT AT WHICH TIME HE ESCORTED DETECTIVE GODOY INTO AN EXAMINING ROOM
ONCE INSIDE DETECTIVE GODOY OBSERVED A MAKE SHIFT DENTAL ROOM EQUIPPED WITH A DENTAL CHAIR AND X-RAY MACHINE
AND OTHER VARIOUS TYPES OF DENTAL EQUIPMENT. THE DEFENDANT PREPARED HIMSELF FOR THE EXAMINATION

PAGE __1__ OF __2__

Hold for Other Agency
Agency _____  Verified by _____

I Swear that the above Statement is correct and true to the best of my knowledge and belief.

M. REICHE
Officer's Name (Print)

Officer's Signature
MIAMI-DADE  3704  52
Department Name  Court ID Number/Loc. Code

32.02.09-9  Rev. 2/99

☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing)

Sworn to and subscribed before me, the undersigned authority, this _____ day of _____

_____
Deputy of the Court or Notary Public

I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings could be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

You need not appear in court, but must comply with the instructions on the reverse side hereof.

Signature of Defendant / Juvenile and Parent or Guardian

OFFICER'S COPY

COMPLAINT/ARREST AFFIDAVIT
CONTINUATION

| OBTS Number | | | | | | Jail No. | | | Police Case No. |
|---|---|---|---|---|---|---|---|---|---|
| IDS No. | | ☒ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile ☐ Warrant | | | | | | | PD 070118032778 |
| | | Agency Code 30 | Municipal P.D. Det. ID No. | | | MDPD Records and ID No. | | | Court Case No. |

| DEFENDANT'S NAME   Last | First | Middle | | | DOB mo/day/yr | | | |
|---|---|---|---|---|---|---|---|---|
| HERRERA | OSAMNY | | | | 04 / 06 / 1965 | | | |

| ADDITIONAL CHARGES | Acty/t | Type | Counts | STATUTE | AC CAPIAS BW FW PW CIT # | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|
| 5. | | | | | | |
| 6. | | | | | | |
| 7. | | | | | | |
| 8. | | | | | | OF THE CODE OF |

BY PLACING LATEX GLOVES ON BOTH HANDS AND FACE SHIELD. AT THIS TIME FOR OFFICER SAFETY THE TAKE DOWN

SIGNAL WAS GIVEN BY DETECTIVE GODOY AND THE DEFENDANT WAS SUBSEQUENTLY PLACE UNDER ARREST.

POST MIRANDA THE DEFENDANT STATED HE HAS BEEN PRACTICING DETISTRY FOR EIGHT MONTHS AND NEVER HAD A

PROBLEM WITH ANY OF HIS CLIENTS.

DURING A CONSENSUAL SEARCH SEVERAL LEGEND DUGS WERE FOUND.

THE FLORIDA DEPARTMENT OF HEALTH ISSUED A CERTIFICATE ON NON-LICENSURE STATING THE DEFENDANT IS NOT

AND HAS NEVER BEEN LICENSED TO PRACTICE DENTISTRY IN THE STATE OF FLORIDA.

PAGE 2 OF 2

Hold for Other Agency

Agency _____   Verified by _____

I Swear that the above Statement is correct and true to the best of my knowledge and belief.

M. REICHE
Officer's Name (Print)

Officer's Signature

3704      52
Department Name      Court ID Number/Loc. Code

32.02.09-9A   Rev. 3/99

☐ HOLD FOR BOND HEARING, DO NOT BOND OUT. (Officer Must Appear at Bond Hearing.)

Sworn to and subscribed before me, the undersigned authority, this _____ day of _____

Deputy of the Court or Notary Public

☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that police concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juvenile notify Family Division Juvenile Section) anytime that my address changes.

You need not appear in court, but must comply with the instructions on the reverse side hereof.

Signature of Defendant / Juvenile and Parent or Guardian

OFFICER'S COPY

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL, CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA   388

| DIVISION | FINDING OF GUILT AND ORDER OF |
| --- | --- |
| [X] CRIMINAL | WITHHOLDING ADJUDICATION/SPECIAL |
| [ ] TRAFFIC | CONDITIONS |
| [ ] OTHER | |

| PLAINTIFF(S) | VS. DEFENDANT(S) |
| --- | --- |
| THE STATE OF FLORIDA | OSAMNY HERRERA |

### CASE NUMBER: F07-002755

, Osmany Herrera

IT APPEARING UNTO THE COURT that the defendant being personally
before the court accompanied by his/her attorney,

FRED J MOLDOVAN,PA has been found guilty of the charge of

| Count | Crime | Degree |
| --- | --- | --- |
| 1 | DENTISTRY/PRACTICE WITHOUT A LICENSE | 3/F |
| 2 | LEGEND DRUG/SELL/DISTRIBUTE/POSSESS W/INTENT | 2/F |

by the court upon the entry of a nolo contendera plea
and it appearing unto the court, upon a hearing of the matter, that the defendant is not likely to
engage in a criminal course of conduct and that the ends of justice and welfare of society do not
require that the defendant shall presently suffer the penalty imposed by law, and the Court being
fully advised in the premises, it is thereupon
ORDERED AND ADJUDGED that an adjudication of guilt be, and the same is hereby stayed and withheld.

IT IS FURTHER ORDERED AND ADJUDGED that:

| | |
| --- | --- |
| The defendant is placed on PROBATION in a separate Order entered herein. | AS TO COUNT 1 |
| the sentence be and hereby is SUSPENDED. | AS TO COUNT 2 |

SPECIAL CONDITIONS

    Costs

    Suspend entry of sentence

    Other                      PROBATION

IT IS ORDERED THAT the defendant be fingerprinted pursuant to F.S. 921.241(1).

Bk 25629 Pg 1542 CFN 20070501570 05/17/2007 14:20:50 Pg 1 of 3 Mia-Dade Cty, FL

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL, CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| DIVISION | | |
|---|---|---|
| [X] CRIMINAL | CHARGES/COSTS/FEES | CASE NUMBER: F07-002755 |

| PLAINTIFF(S) | VS. DEFENDANT(S) |
|---|---|
| THE STATE OF FLORIDA | OSAMNY  HERRERA<br><br>, Osmany Herrera |

The Defendant is hereby ordered to pay the following sum indicated:

| $50.00 | Pursuant to F.S. 938.03(4)  (Crimes Compensation Trust Fund). |
|---|---|
| $3.00 | Three dollars as a court cost pursuant to F.S. 938.01 (1) $3.00 (Criminal Justice Trust & Education Funds). |
| $200.00 | Pursuant to 938.05(1) (Local Government Criminal Justice Trust Fund). |
| $3.00 | Pursuant to F.S. 938.19 (Teen Courts). |
| $50.00 | Pursuant to F.S. 775.083(2) (Crime Prevention Programs). |
| $2.00 | Two dollars as a court cost pursuant to  F.S. 938.15 $2.00 (Criminal Justice Trust & Education Funds). |
| $65.00 | Pursuant to  F.S. 939.185(1)(a)  (Assessment of Additional Court Costs as adopted by Ordinance 04-116) |
| $85.00 | Pursuant to F.S. 939.185(1)(b) (Surcharge as adopted by Ordinance 05-123) |
| $458.00 - | TOTAL |

OTHER COMMENTS: STAY DUE DATE: 4/3/2008

DONE AND ORDERED in Open Court in Miami-Dade County, Florida this    3rd day of May, 2007.

_____

JUDGE   ORLANDO A PRESCOTT

(W=WAIVED/S=SUSPENDED)

REV 10/02 DMB-05/08/07                    Page 2 of 3

Clerk's web address: www.miami-dadeclerk.com

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

**DIVISION**
☑ CRIMINAL
☐ OTHER

**FINGERPRINTS OF DEFENDANT**

THE STATE OF FLORIDA   vs.   Osanny Herrera

PLAINTIFF          DEFENDANT

CASE NUMBER:   F-07-2755

I herby certify that the foregoing fingerprints on this judgment are the fingerprints of the defendant named above, and that they were placed thereon by said defendant in my presence, in open court, on this date and that the defendant provided the below Social Security Number or was unable to provide said number as indicated.

Fingerprints taken by: P Alcazar     (Deputy)
　　　　　　　　　　　Name　　　　　　　Title

CLOCK IN

**FILED**

MAY 0 3 2007

CLERK

## FINGERPRINTS OF DEFENDANT

| 1. R. Thumb | 2. R. Index | 3. R. Middle | 4. R. Ring | 5. R. Little |
|---|---|---|---|---|
| | | | | |
| 1. L. Thumb | 2. L. Index | 3. L. Middle | 4. L. Ring | 5. L. Little |
| | | | | |

Social Security Number of Defendant _____ .

DONE AND ORDERED in Open Court in Miami-Dade County, Florida this _____ day of MAY 0 3 2007 , 20 ____.

**JUDGE**
ORLANDO A. PRESCOTT
ORLANDO A. PRESCOTT, Judge

Page ____ of ____ 3
　　　　3

CLK/CT 854  REV. 7/03

Clerk's web address:  www.miami-dadeclerk.com

Court Case No.: F07009245

Name: ALVAREZ, JESUS

State Case No.: 132007CF0092450001XX

Date Filed: 03/26/2007

Date of Birth: 10/12/1953

Assessment Amount: $0.00

Date Closed: 10/05/2007

Warrant Type:

Balance Due: $0.00

Stay Due Date:

Hearing Date:

Hearing Time:

Hearing Type:

Court Room: REGJB - JUSTICE BUILDING, ROOM No.: 2-7

Address: 1351 N.W. 12 ST

Previous Case:

Next Case:

Judge: SAYFIE NUSHIN G

Defense Attorney:

Bfile Section: F001

File Location: SCANNED

Box Number:

## Charges:

| Seq No. | Charge | Charge Type | Disposition |
|---|---|---|---|
| 1 | DENTISTRY/NO LICENSE | FELONY | NOLLE PROS-COMP PTI |

## Additional Info:

Probation Start Date:

Probation End Date:

Probation Length:

Probation Type:

Defendant in Jail: N

Defendant Release to:

Bond Amount: $0.00

Bond Status:

Bond Type:

Bond Issue Date:

## Dockets:

| Seq. No. | Date | Book/Page | Docket |
|---|---|---|---|
| 31 | 10/05/2007 | | TRIAL PROS. ASSIGNED: MULLENS, MICHELLE |
| 29 | 10/05/2007 | | CLOSING JUDGE REYES, ISRAEL |
| 25 | 09/28/2007 | | REPORT RE: NOLLE PROS SET FOR 10/05/2007 AT 08:30 |
| 26 | 09/21/2007 | | MEMORANDUM RE: ADVOCATE PROGRAM SUCCESSFUL COMPL |
| 24 | 04/16/2007 | | DISCHARGE CERTIFICATE ISSUED IS6K7095 |
| 23 | 04/13/2007 | | IFI AMT/ 5000 DISCHARGED 04/13/2007 POWER/IS6K7095 |
| 22 | 04/05/2007 | | DEFERRED PROSECUTION AGREEMENT & SPEEDY TRIAL WAIVER |
| 21 | 04/05/2007 | | MEMO RE: DEFERRED PROSECUTION PROGRAM |
| 18 | 04/03/2007 | | DISC EXHIBIT: STATE'S DEMAND FOR DEFN DISCV/DEMAND FOR ALIBI |
| 17 | 04/03/2007 | | REPORT RE: DEF PROS PGM-ACC/REJ SET FOR 04/13/2007 AT 08:30 |
| 16 | 04/03/2007 | | INFORMATION FILED |
| 15 | 04/03/2007 | | TRIAL UNIT ASSIGNED: FELONY DIVISION 01 |
| 14 | 04/03/2007 | | TRIAL PROS. ASSIGNED: BELL, SUZANNE |
| 20 | 03/26/2007 | | BOND RECEIVED IS6K7095 |
| 13 | 03/26/2007 | | INTAKE UNIT ASSIGNED: FSU - CASE SCREENING |
| 12 | 03/26/2007 | | INTAKE PROS. ASSIGNED: PORTMAN, ERROL |
| 10 | 03/26/2007 | | DEFN ZIP CODE CHANGED BY FINALIST PURSUANT TO CLERK |
| 8 | 03/21/2007 | | WRITTEN PLEA OF NOT GUILTY |
| 7 | 03/21/2007 | | NOTICE OF APPEARANCE ALBERTO F. SARASUA, ESQ. |
| 1 | 03/15/2007 | | ARRAIGNMENT HEARING SCHEDULED FOR 04/03/2007 AT 08:30 |
| 4 | 03/14/2007 | | IFI AMT/ 5000 ISSUED 03/14/2007 POWER/IS6K7095 |

-∆-

| 2 | 03/13/2007 | | INVALID ADDRESS OVERRIDE PURSUANT TO BOOKING |

**COMPLAINT/ARREST AFFIDAVIT**

OSTS NUMBER

POLICE CASE NO. **PD 070313135405**

| SPECIAL OPERATOR | ☒FELONY ☐MISD ☐TRAFFIC ☐JUV ☐DV ☐MOVES ☐DV NF | JAIL NO. | PHMD ☐Yes ☒No | COURT CASE NO. |
| IDS NO. | ☐WARRANT FUGITIVE WARRANT ☐In state ☐Out of state | | | |

AGENCY CODE **30** · MUNICIPAL P.D. DEF. ID NO. · NCPD RECORDS AND ID NO. · STUDENT ID NO.

GANG ACTIVITY RELATED ARREST · FRAUD RELATED ARREST

DEFENDANT'S NAME (LAST, FIRST, MIDDLE) **ALVAREZ , JESUS**

ALIAS and / or STREET NAME

SIGNAL ☐ 100 ☐ 150 ☐ 200 ☐ 300 ☐ 400 ☐ 500

| DOB **10/12/1953** | AGE **53** | RACE **W** | SEX **M** | ☐Hispanic ☒Not Hispanic ETHNICITY: **CUB** | HEIGHT **5'8** | WEIGHT **200** | HAIR COLOR **GRY** | HAIR LENGTH **SHORT** | HAIR STYLE **SHORT** | EYES **GR** | GLASSES ☐Yes ☒No | FACIAL HAIR **NONE** | TEETH **NORM** |

SCARS, TATTOOS, UNIQUE PHYSICAL FEATURES (Location, Type, Description) **NONE VISIBLE**

PLACE OF BIRTH (City, State/Country) **CUBA**

| LOCAL ADDRESS (Street, Apt. Number) **230 NW 57 AVE APT# 3** | (City) **MIAMI** | (State) **FL** | (Zip) **33123** | PHONE ( **305** ) **266-3624** | CITIZENSHIP **CUBA** |
| PERMANENT ADDRESS (Street, Apt. Number) **SAME AS ABOVE** ☐HOMELESS ☐UNKNOWN | (City) | (State/County) | (Zip) | PHONE ( ) | OCCUPATION **DENTIST** |
| ☐ BUSINESS OR ☐ SCHOOL NAME AND ADDRESS (Street) **NONE** | (City) | (State/Country) | (Zip) | PHONE ( ) | ADDRESS SOURCE ☐ DL ☐ Verbal ☐ |

| DRIVER'S LICENSE NUMBER / STATE **A 416-420-53-372-0** | SOCIAL SECURITY NO. **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** | WEAPON SEIZED? ☐Yes ☒No Type | If Def. has Concealed Weapons Permit, PERMIT # W- | INDICATION OF: Y N UNK Alcohol Influence ☐ ☐ ☐ Drug Influence ☐ ☐ ☐ |

| ARREST DATE (MM/DD/YYYY) **03/13/2007** | ARREST TIME (HH:MM) **545** | ARREST LOCATION (include name of business) **230 NW 57 AVE APT# 3** | GRID **1300** |

CO-DEFENDANT NAME (Last, First, Middle) 1. · DOB (MM/DD/YYYY) · ☐ IN CUSTODY ☐ FELONY ☐ JUVENILE ☐ AT LARGE ☐ DV ☐ MISDEMEANOR

CO-DEFENDANT NAME (Last, First, Middle) 2. · DOB (MM/DD/YYYY) · ☐ IN CUSTODY ☐ FELONY ☐ JUVENILE ☐ AT LARGE ☐ DV ☐ MISDEMEANOR

CO-DEFENDANT NAME (Last, First, Middle) 3. · DOB (MM/DD/YYYY) · ☐ IN CUSTODY ☐ FELONY ☐ JUVENILE ☐ AT LARGE ☐ DV ☐ MISDEMEANOR

JUV only ☐ Parent ☐ Guardian ☐ Foster Care (Name) · (Street, Apt. Number) · (City) · (State/Country) · (Zip) · (Phone) · Contacted? ☐ Yes ☐ No

| | CHARGES | CHARGE AS! | COUNTS | FL STATUTE NUMBER | VIOL. OF SECT. | CODE OF | UCR | BV | WARRANT TYPE OR TRAFFIC CITATION |
| 1. | UNLICENSED PRACTICE OF DENTISTRY | ☒M.S. ☐ ORD | 1 | 466.026(1)(A) | | | | | ☐AC ☐CAPIAS ☐CW ☐PW ☐FW ☐JUV PU ☐AW ☐DVW ☐WRIT CASE #: |
| 2. | | ☐F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐CW ☐PW ☐FW ☐JUV PU ☐AW ☐DVW ☐WRIT CASE #: |
| 3. | | ☐F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐CW ☐PW ☐FW ☐JUV PU ☐AW ☐DVW ☐WRIT CASE #: |
| 4. | | ☐F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐CW ☐PW ☐FW ☐JUV PU ☐AW ☐DVW ☐WRIT CASE #: |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe and does believe that the above named Defendant committed the following violation of law.

On the **13** day of **MARCH** 20 **07** **4:08** (HH:MM) at **230 NW 57 AVE APT# 3**

(Location, include name of business) (Narrative, be specific)

PURSUANT TO INFORMATION RECEIVED FROM A CONFIDENTIAL SOURCE INDICATING THAT THE DEFENDANT MR. JESUS ALVAREZ WAS PRACTICING DENTISTRY ILLEGALLY AT THE APARTMENT. AN UNDERCOVER OPERATION WAS INITIATED ON THE ABOVE DATE AND TIME DET. GODOY (2822) WHILE WORKING IN AN UNDERCOVER CAPACITY RESPONDED TO THE ABOVE LOCATION FOR A SCHEDULED CONSULTATION WITH THE DEFENDANT. ONCE AT THE LOCATION DET. GODOY MADE CONTACT WITH THE DEFENDANT THE DEFENDANT INVITED DET. GODOY TO SIT IN THE LIVING ROOM SOFA, THE DEFENDANT BEGAN TO EXAMINE DET. GODOY AND ASKED HER ABOUT HER PAST DENTAL/MEDICAL HISTORY. THE DEFENDANT GAVE DET. GODOY A DIAGNOSIS AND REFERRED HER TO A DENTAL CLINIC IN ( ). THE DEFENDANT THEN ADVISED DET. GODOY HE WOULD GIVE HER A FOLLOW UP EXAMINATION WITH THE XRAYS IN ORDER TO OBTAIN THE CORRECT DIAGNOSIS.

| HOLD FOR OTHER AGENCY Name: | VERIFIED BY | ☐ HOLD FOR FUGITIVE, DO NOT BOND OUT (First Appearance/Bond Hearing) | I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juvenile notify Juvenile Division) anytime that my address changes. | PAGE **1** OF ____ |
| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT. | | SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS ____ DAY OF ____ | | |
| OFFICER'S / COMPLAINANT'S SIGNATURE **N. NEICHE** | ID/SERIAL/BADGE CODE **3701 (52)** | | ☐ You need not appear in court, but must comply with the instructions on the reverse side hereof. | |
| NAME (Printed) | COURT ID NUMBER/LOC. CODE **MDPD** | AGENCY NAME | Signature of Defendant / Juvenile and Parent or Guardian | |

12.02.08.0 Rev. 05/08

(right thumb print)

2

COMPLAINT/ARREST AFFIDAVIT
CONTINUATION

| OBTS NUMBER | | | | POLICE CASE NO. |
|---|---|---|---|---|
| JAIL NO. | | | COURT CASE NO. | PD 070313135405 |
| IGB NO. | AGENCY CODE 30 | MUNICIPAL P.D. OFF. ID NO. | MDPD RECORDS AND ID NO. | |

DEFENDANT NAME (LAST, FIRST, MIDDLE)

ALVAREZ , JESUS    DOB (MM/DD/YYYY) 10/13/1953

ADDITIONAL CODEFENDANT NAME (Last, First, Middle)
4.    DOB (MM/DD/YYYY)

ADDITIONAL CODEFENDANT NAME (Last, First, Middle)
4.    DOB (MM/DD/YYYY)

| | ☐ IN CUSTODY | ☐ FELONY | ☐ JUVENILE |
| | ☐ AT LARGE | ☐ DV | ☐ MISDEMEANOR |
| | ☐ IN CUSTODY | ☐ FELONY | ☐ JUVENILE |
| | ☐ AT LARGE | ☐ DV | ☐ MISDEMEANOR |

ADDITIONAL CHARGES

| | CHARGE AS | COUNTS | FL STATUTE NUMBER | VIOL OF SECT | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 5. | ☐ F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DW ☐WRT CASE #: |
| 6. | ☐ F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DW ☐WRT CASE #: |
| 7. | ☐ F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DW ☐WRT CASE #: |
| 8. | ☐ F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DW ☐WRT CASE #: |

DEFENDANT WAS ALLOWED TO DRIVE OUT OF THE AREA, AT WHICH TIME AN INVESTIGATION STOP WAS CONDUCTED. DEFENDANT WAS GIVEN HIS MIRANDA RIGHTS PER FORM BY DET. RODRIGUEZ BADGE #3411 WHICH HE READ AND SIGNED. DEFENDANT ALSO SIGNED A CONSENT TO SEARCH FORM. POST MIRANDA DEFENDANT ADMITTED HE WOULD EXAM APPROXIMATELY THREE TO FOUR PATIENTS A WEEK. HE FURTHER STATED HE WOULD PRODUCE DENTURES FOR DIFFERENT PATIENTS.

CONSENT TO SEARCH REVEALED SEVERAL DENTAL TOOLS, SYRINGES, AND OTHER MISCELLANEOUS DENTAL EQUIPMENT CONSISTENT WITH THE PRACTICE OF DENTISTRY.

THE FLORIDA DEPARTMENT OF HEALTH ISSUED A CERTIFICATE OF NON-LICENSURE STATING THAT THE DEFENDANT IS NOT AND HAS NEVER BEEN LICENSED TO PRACTICE DENTISTRY IN THE STATE OF FLORIDA.

DEFENDANT WAS THEN TRANSPORTED TO TGB NORTH VIA TGK

PRE-FILE SET FOR MARCH 26, 2007 WITH ASA PORTMAN AT 11:00 P.M

| HOLD FOR OTHER AGENCY Name: | VERIFIED BY | ☐ HOLD FOR SENTENCE: DO NOT BOND OUT (OR CONVICTION) (Bond Hearing). | PAGE 2 OF 2 |
|---|---|---|---|
| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT. | 3704 (52) COURT ID NUMBER/LOC. CODE | SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS ___ DAY OF ___ | I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juvenile notify Juvenile Division) anytime that my address changes. |
| OFFICER'S / COMPLAINANT'S SIGNATURE | | | You need not appear in court, but must comply with the instructions on the reverse side hereof. |
| NAME (Printed) M.CHECHE | MDPD AGENCY NAME | DEPUTY OF COURT/NOTARY PUBLIC | Signature of Defendant / Juvenile and Parent or Guardian |

12.02.09-0  Rev. 05/06

# Exhibit

# "B"



E X H I B I T   "B"

Aviance Silvarrey <aviance23@gmai ...om>

# FW: INTERNATIONAL FUGITIVE ARREST-DOMINICAN REPUBLI

1 message

---

Filo, Ron (USMS) <Ronald.Filo@usdoj.gov>                                        Tue, Apr 15, 2008 at 1:4 ?M
To: aviance23@gmail.com

---

Madam,

    The enclosed memo generally outline's the cooperation/ assistance provided by Teodoro GONZALEZ's reference t fugitive investigation and arrest of Ceasar FRANCISCO. Please note the attachment as it contains a press release from o office in Santo Domingo, Dominican Republic, concerning the arrest of FRANCISCO. Hopefully, this information will prov be useful to you.


Respectfully,


RONALD G. FILO

DUSM, S/FL-Miami

(954) 658-0986



Mr. Cronin,


I just wanted to advise you that defendant Teodoro GONZALEZ provided substantial assistance to me on the fugitive case of Ceasar FRANCISCO (03-20367-CR-Gold—Bulk currency smuggling & 04-20644-CR-Gold--Bond Jump indictment). As you will note in the attached document, FRANCISCO was arrested in Boca Canasta Bani, Dominican Republic, on 03/14/2007.


On 02/06/2007, I interviewed Mr. GONZALEZ at the U.S. Courthouse here in Miami. Defendant GONZALEZ stated that he knew Ceasar FRANCISCO because they both had been hiding out in the Dominican Republic during the same time period. GONZALEZ provided me with timely and precise information concerning the whereabouts of fugitive Ceasar FRANCISCO. This information enabled the U.S. Marshal Service to pinpoint FRANCISCO's location in the Dominican Republic and to subsequently arrest him. FRANCISCO will be deported to the United States on 03/20/2007 to serve a sentence for his original charge. Additionally, he is facing a bonding jumping charge. Without Mr. GONZALEZ's assistance, it is highly unlikely that this fugitive would have been located and apprehended in the Dominican Republic.


I understand that Mr. GONZALEZ is presently working with the government on a number of on-going matters so any motion for a Rule 35 on his behalf would be premature at this juncture. Nonetheless, I just wanted to advise you that GONZALEZ basically handed us this fugitive. In terms of a fugitive investigation, his assistance could not have been much more substantial. Please contact me should you require any additional information concerning this matter.

7

RONALD G. FILO

DUSM, S/FL-Miami

Desk: (305) 536-4661

Cell: (954) 658-0986

-----Original Message-----
**From:** Fernandez, Ernesto (USMS)
**Sent:** Wednesday, March 14, 2007 2:05 PM
**To:** Filo, Ron (USMS)
**Cc:** Godsk, Joe (USMS)
**Subject:** FW: INTERNATIONAL FUGITIVE ARREST-DOMINICAN REPUBLIC

-----Original Message-----
From: Sanchez, Robert (USMS)
Sent: Wed 3/14/2007 1:49 PM
To: Schield, Jim (USMS); Feeney, John (USMS); DiCroce, Martine (USMS); Eastwood, Lance (USMS); Layne, Harry (USMS); HQ-ISD-1811s (USMS)
Cc: JRivera2
Subject: INTERNATIONAL FUGITIVE ARREST-DOMINICAN REPUBLIC

INTERNATIONAL FUGITIVE ARREST - DOMINICAN REPUBLIC

International Fugitive Arrest - DRFO- FRANCISCO.doc
25K

DRFO Arrest Report

**International Arrest Report, Dominican Republic, USMS, S/FL:** On 03/14/2007, U.S. Citizen, Cesar FRANCISCO was arrested at Boca Canasta, Bani in the Dominican Republic by members of the Direccion Nacional Control de Drogas (DNCD) Fugitive Task Force, through coordinated efforts with ISD-Dominican Republic Field Office (DRFO). FRANCISCO is wanted by the District of Southern Florida for money laundering. The investigation revealed that on April 26, 2003, FRANCISCO filed a flight plan from Opalocka Airport, Miami-Dade County, Florida for Santo Domingo, Dominican Republic at the airport's control tower and Federal Aviation Administration in Miami. FRANCISCO did not declare any items through United States Customs. FRANCISCO was the pilot of a twin-engine Beechcraft and was the sole occupant. At the time FRANCISCO was inside the aircraft preparing to take off when Customs service approached the airplane. FRANCISCO got out of his plane and started to walk away when US Customs agents stopped him. A search of the airplane revealed a duffel bag hidden in a maintenance compartment which contained the amount of USD$132,212.00 in small denominations. FRANCISCO was arrested at the time and subsequently released on bail. Cesar FRANCISCO failed to appear in court. Intelligence information placed FRANCISCO in the Dominican Republic. Cesar FRANCISCO is presently incarcerated awaiting an immigration hearing to determine when he will be deported to the United States.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO **04-20644**CR-GOLD

18 U.S.C. § 3146(a)(1)

MAGISTRATE JUDGE
SIMONTON

UNITED STATES OF AMERICA

vs.

CAESAR FRANCISCO,

Defendant.



_____/

## **INDICTMENT**

The Grand Jury charges that:

On or about December 5, 2003, in Miami-Dade County, in the Southern District of Florida,

the defendant,

## CAESAR FRANCISCO,

having previously been charged in the case of <u>United States vs. Caesar Francisco</u>, Case No. 03-

20367-CR-GOLD, with violations of Title 31, United States Code, Sections 5316(a)(1)(A), and

5332(a)(1), that is, evasion of currency reporting requirements and transportation of bulk currency,

offenses punishable by imprisonment for a term of five years or more, and having been released by

the United States District Court for the Southern District of Florida pursuant to Chapter 207 of Title

-B-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

CAESAR FRANCISCO,

Defendant.

CASE NO. **04-20644** CR - GO

**CERTIFICATE OF TRIAL ATTORNEY\***

MAGISTRATE JUDGE
SIMONTON

Superseding Case Information:

New Defendant(s)     Yes _____ No _____
Number of New Defendants _____
Total number of counts _____

Court Division: (Select One)

X   Miami    _____ Key West
_____ FTL    _____ WPB    _____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:    (Yes or No)    Yes
   List language and/or dialect    Spanish

4.   This case will take   2   days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
   (Check only one)           (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | |
| II | 6 to 10 days | | Minor | |
| III | 11 to 20 days | | Misdem. | |
| IV | 21 to 60 days | | Felony | X |
| V | 61 days and over | | | |

6.   Has this case been previously filed in this District Court? (Yes or No)   No
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)   No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers:   03-20367-CR-GOLD
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No)   No

7.   Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? _____ Yes   X   No

8.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _____ Yes   X   No
If yes, was it pending in the Central Region? _____ Yes _____ No

9.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   X   Yes _____ No

10.   Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? _____ Yes   X   No

CRISTINA V. MAXWELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bart No. 029361

\*Penalty Sheet(s) attached

REV. 1/14/04

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

# 04-20644

Defendant's Name: **CAESAR FRANCISCO**

Case No: _____

# CR - GOLD

Count #: 1

MAGISTRATE JUDGE
SIMONTON

_____ 18 U.S.C. § 3146(a)(1),

_____ Failure to appear

**\* Max.Penalty:** __5 years' imprisonment__

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

. States Code, did knowingly fail to appear before a Court as required by the conditions

੭ release, in violation of Title 18, United States Code, Sections 3146(a)(1) and

.46(b)(1)(A)(ii).

A TRUE BILL

FOREPERSON

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

CRISTINA V. MAXWELL
ASSISTANT UNITED STATES ATTORNEY

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | **Case Number: 04-20644-CR-GOLD** |
| CEASAR FRANCISCO | USM Number: 69722-004 |

Counsel For Defendant: AFPD Faith Mesnekoff
Counsel For The United States: AUSA Cristina V. Maxwell
Court Reporter: Joseph Millikan

The defendant pleaded guilty to Count(s) 1 of the Indictment.

The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §3146(a)(1) | Failure to appear relative to 03-20367-CR-GOLD. | 12/05/03 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
7/18/2007

ALAN S. GOLD
United States District Judge

July 20, 2007

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

DEFENDANT: CEASAR FRANCISCO
CASE NUMBER: 04-20644-CR-GOLD

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **forty-six (46) months.** The term consists of terms of five (5) months as to Count 1 of Docket Number 04-20644-CR-GOLD, the instant case, and a term of forty-one (41) months as to Count 2 of Docket Number 03-20367-CR-GOLD, all to be served consecutively.

The Court makes the following recommendations to the Bureau of Prisons:
The defendant be designated to a facility in the South Florida area or as close to South Florida.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By:_____
Deputy U.S. Marshal

Case 1:05-cr-20846-FAM Document 80 Entered on FLSD Docket 09/21/2010 Page 51 of 84
Case 1:04-cr-20644-ASG Document 23 Entered on FLSD Docket 07/20/2007 Page 3 of 6
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 3 of 6

DEFENDANT: CEASAR FRANCISCO
CASE NUMBER: 04-20644-CR-GOLD

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three years.** This term consists of three (3) years as to Count 1 of Docket Number 04-20644-CR-GOLD, the instant case, and three (3) years as to Count 2 of Docket Number 03-20367-CR-GOLD, all to be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:05-cr-20946-FAM   Document 80   Entered on FLSD Docket 09/21/2010   Page 52 of 84
Case 1:04-cr-20644-ASG   Document 23   Entered on FLSD Docket 07/20/2007   Page 4 of 6
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                Page 4 of 6

DEFENDANT: CEASAR FRANCISCO
CASE NUMBER: 04-20644-CR-GOLD

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

Permissible Search:    The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                                                Page 5 of 6

DEFENDANT: CEASAR FRANCISCO
CASE NUMBER: 04-20644-CR-GOLD

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00** | $ | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:05-cr-20946-FAM   Document 80   Entered on FLSD Docket 09/21/2010   Page 54 of 84
Case 1:04-cr-20644-ASG   Document 23   Entered on FLSD Docket 07/20/2007   Page 6 of 6
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 6 of 6

DEFENDANT: CEASAR FRANCISCO
CASE NUMBER: 04-20644-CR-GOLD

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately.  The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# Exhibit

# "C"




Clerk of Courts
11th Judicial Circuit of Florida
Miami-Dade County

Home   Online Services   Meet the Clerk   Contact Us   miamidade.gov

## Criminal Justice and Civil Infraction Cases

**COURT CASE:** F07005206

State Case#: 132007CF0052060001XX
Date Filed: 02/12/2007
Hearing Date:
Courtroom: REGJB-JUSTICE BUILDING, ROOM#:2-7
Address: 1351 N.W. 12 ST
Next Case:
Previous Case:
Judge: WARD, DIANE
Defense Attorney:
Bfile Section: F013

Name: MONTERO, ROBERTO
Date Closed: 00/00/0000
Hearing Time:

DOB: 05/24/1971
Warrant Type: AC
Hearing Type:

File Location: FILE ROOM

Box Number: -

| Seq# | Charge | Charge Type | Disposition |
|------|--------|-------------|-------------|
| 1 | CANN/SELL/MAN/DEL | FELONY | |
| 2 | CANNABIS/POSN/20+ | FELONY | NO ACTION |

New Search                    Dockets              Additional Info

printer friendly

# Exhibit

# "D"

E X H I B I T   "D"

Sean,

The following is the information that Teodoro Julio Gonzalez has provided to us, per the request of his attorney, Juan Morin.

Please call if you have any questions regarding the information.

1. Along with the assistance of his sister, Gonzalez provided information which led to the arrest of <u>two</u> individuals who were practicing dentistry illegally w/o licenses. I have the police rep on one of the incidents, but not the other. With the sister's cooperation, the investigators were able to introduce an undercove agent and a covert operation was executed (MDPD case number 070118032778).

2. Gonzalez provided information regarding a grow house and the ^(Aleman) information was passed on to DEA Agent Guillermo (sp). He can be reached at 305-796-3274. The operation resulted in the recovery of plants, with a street value of approximately $120,000. It also resulted in the arrest of one individual on charges of possession and distribution.

3. Gonzalez returned stolen merchandise that was in the Dominican back to the United States and it was returned to the victim company. Pyle Pyramid had been the victim of a warehouse burglary and Gonzalez had purchased the stolen merchandise and subsequently shipped it out of the country. According to inventory done by Pyle Pyramid, the returned merchandise was valued at approximately $25,000.

4. Gonzalez provided information that helped lead to arrest of an fugitive that was living in the Dominican Republic. I spoke to the arresting agent in the case and verified the information, although I can not remember who I spoke with. Gonzalez's attorney can provide the name of the agent in the Dominican who worked the arrest.

5. Early in his incarceration, Gonzalez had heard information that an individual set for a bond hearing was actually planning on fleeing the country. Det. Isidoro Martinez was called to testify for the prosecution that the subject was planning on fleeing. Due to this information, the subject remained in custody. Det. Martinez can be reached at 786-367-1097 for more information.

6. Gonzalez's attorney mentioned that Gonzalez provided more
information regarding the whereabouts of another fugitive in th
Miami area. Upon talking to Det. Martinez regarding the issue, he
advised that another agency actually arrested the subject/fugiti
but he was not sure if the information used to arrest the subjec
from Gonzalez or not. Again, he can be reached at the above list
number.

Please feel free to call me with questions.

Thanks again,

Amanda Moran
954-553-0551

# Exhibit

# "E"

THE LAW OFFICES OF

# GREY & MOURIN, P.A.

### A PROFESSIONAL ASSOCIATION

1571 N.W. 13 Court
Miami, Florida 33125

Telephone: (305) 325-81
Facsimile: (305) 325-0569

September 7, 2007

Sean Cronin
Assistant U.S. Attorney
99 Northeast 4th Street
Miami, Florida 33132

Re: Teodoro Gonzalez, Rule 35

Dear Mr. Cronin,

I am writing to express my concerns regarding are recent conversation wherein you indicated your belief that my client, Teodoro Gonzalez, had not provided sufficient cooperation to warrant the filing of a motion to reduce his sentence pursuant to rule 35. By way of this letter I will provide detailed information with respect to the assistance my client has provided to the government, as well as the reasons why I believe that he has certainly earned a reduction in his sentence. Shortly after I undertook Mr. Gonzalez's representation, he began to meet with special agent Amanda Moran from the F.B.I. as well as Detective Isidro Martinez from the Metro Dade Police Department cargo theft task unit. During these meetings my client provided information concerning the illegal activities undertaken by him and various other individuals. Mr. Gonzalez agreed to fully cooperate with law enforcement agents and identified all individuals who he knew to be involved in any and all forms of illegal conduct. As a result of his cooperation the following has been accomplished:

1. Mr. Gonzalez arranged for the return of twenty-five thousand dollars worth of stolen merchandise belonging to Pyle Pyramid. This merchandise had been transferred to Costa Rica, and would have been lost forever but for the fact that Mr. Gonzalez arranged for its return.

2. Mr. Gonzalez provided information which led to the arrest of a long sought after fugitive in the Dominican Republic. That fugitive was extradited back to the United States subsequent to his capture and has since been convicted and sentenced.

3. Mr. Gonzalez provided information to D.E.A. Agent Guillermo Aleman which led to the arrest of at least one individual on charges of trafficking in marijuana as

well as the recovery of sixty-nine marijuana plants with an approximate street value of one hundred and twenty thousand dollars.

4. With the assistance of his sister, Mr. Gonzalez provided information which led to the arrest and conviction of two separate individuals who were practicing dentistry without licenses at clandestine dental laboratories set up in private homes.

5. Mr. Gonzalez also provided information which prevented an individual charged with vehicular homicide from fleeing the jurisdiction and resulted in his bond being revoked and him being taken back into custody by the Dade county circuit court judge presiding over his case.

       F.B.I. specialist special agent Amanda Moran (305-471-3422), as well as Miami Dade Police Detective Isidro Martinez (786-367-1097) can provide additional information upon request concerning the nature and the extent of Mr. Gonzalez's cooperation in these investigations.   It is the undersigned's opinion that Mr. Gonzalez has provided adequate assistance to the government so that the filing of a motion to reduce his sentence pursuant to rule 35 is warranted. In the event that you do not agree with the undersigned's position, I am requesting the opportunity to meet with you and/or your superiors in person to discuss the matter further. I look forward to your corporation in the fair and just resolution of this matter, and I look forward to the opportunity to discuss it with you in detail in the near future.

       Sincerely,

       Juan Mourin, Esq.

# Exhibit

# "F"

Dear

As you may be aware by now I've been retained by Mr. Gonzalez in regards to his efforts to obtain a reduction of sentence as a result of his efforts to provide substantial assistance to the Government. Although you have previously received and considered similar requests from the case agent and his former attorney I believe that those requests did not provide you a complete and detailed account of his assistance. I believe that once you have the opportunity to fully consider the nature and extent of his assistance that you will agree that a reduction of sentence, albeit modest, may be warranted. I would further ask that you expedite your consideration of this request since the one year period for filing a Rule 35 motion ends on January 30th, 2008. I realize that your receipt of this letter on such a late date will make your decision process and the filing of a Rule 35 more difficult but unfortunately it has taken me some time to fully review and confirm the matters in which my client has rendered assistance either directly or indirectly through his family members.

After having spoken with all of the agents involved in a number of distinct and separate cases it is clear that the Defendant provided the following assistance which, in my opinion at least, constitutes substantial assistance that would warrant the filing of a motion to reduce.

1.      Mr. Gonzalez was able to assist law enforcement in the return of merchandise from a company named Pyle Pyramid. They had been the victims of a warehouse burglary. Mr. Gonzalez had subsequently purchased some of the merchandise and shipped it to Costa Rica. The Defendant was able to contact the businessman who had bought the merchandise in Costa Rica. The individual's name was Roberto Carvajal and his corporations' name was Corporacion Andres. The Defendant, through a ruse, was able to convince the individual to ship the merchandise back to Miami. According to inventory done from Pyle Pyramid the value of the merchandise was $25,000.00. If it had not been for his assistance the merchandise would have been lost.

2.      Mr. Gonzalez directly provided information on a marijuana grow house which led  to the arrest of one individual and the seizure of approximately 69 plants ($120,000.00 street worth). We have confirmed this with DEA Special Agent

Guillermo Aleman (305-994-4477, cell phone 305-796-3274). The individual was arrested for charges of possession and distribution. The subjects name is Roberto Montero, DOB is 05-24-1971.

3. Mr. Gonzalez assisted in the capture of a fugitive living in the Dominican Republic under the name Cesar Francisco . He was contacted by two U.S. Marshals. One named Josue 786-512-3749 and office 954-658-0986, and the one in Santo Domingo was Ernesto Fernandez 1-809-224-9108. Mr. Gonzalez provided the information on the address of employment, home, cars they drove, work, office and cell phone numbers. He was asked to set up a specific time to speak to Cesar's girlfriend to be able to finally arrest him. Special Agent Moran spoke to the agent in the case and confirmed the information. This fugitive was extradited back to the US and was convicted and sentenced. Our office contacted Marshal Ernesto Fernandez and he confirmed the information regarding the fugitive.

4. With the assistance of his sister, Gonzalez was able to provide information on two illegal dentist clinics that were operating without licenses. According to Special Agent Amanda Moran there was an undercover agent introduced in the case. She has provided an MDPD case number 070118032778. Both individuals were prosecuted and pled to the charges. Officer Marcus was handling the clinics cases and can be reached at 786-362-6919

5. According to Agent Moran, early in his incarceration, Mr. Gonzalez heard some information on an individual set for a bond hearing that was actually trying to flee. Det. Isidoro Martinez was called to testify for the prosecution that the subject was trying to flee using the information provided by Mr. Gonzalez. Due to this information provided, the subject, who had been charged with vehicular homicide, remained in custody.

6. Mr. Gonzalez also provided information regarding another fugitive in the Miami area. Although the information proved to be correct the fugitive was apprehended as a result of separate information developed by law enforcement. However, it is important to note that the Defendant's information was accurate and would have led to the individuals arrest.

In my humble view any one of these matters would justify and warrant a Rule 35 reduction particularly in a case where the Defendant himself was not charged with a crime which involved violence, narcotics or firearms. In other words, I would certainly not be requesting a reduction on the basis of this assistance if my client was a major drug trafficker. However, his assistance in this matter and consistent with his plea agreement I believe warrants your due consideration for the filing of a motion for sentence reduction. All I can ask is that you give it some serious and careful consideration.

Sean Cronin
January 25, 2008
Page 3

Sincerely,

Ruben Oliva

RO:lr

cc:   Teodoro Julio Gonzalez

# Exhibit

# "G"

E X H I B I T  "G"

Aviance Silvarrey  Wed Feb 27, 2008

Page: 1

**E-mail**

| | |
|---|---|
| From: | Cronin, Sean P. (USAFLS) |
| Date: | Wed Jan 30, 08 - 1:12 PM - E-mail |
| To: | Ruben Oliva |
| CC: | |
| Subject: | RE: Gonzalez, Teodoro Julio |
| | |
| Contact: | Sean Cronin |
| File: | Gonzalez, Teodoro Julio - |

EXHIBIT 6-E

Ruben,

I have had the opportunity to review what you sent me. The facts you have related with respect to your client's efforts to cooperate were previously considered by my office in deciding if a Rule 35 is appropriate, and the material you have sent me does not substantively expand upon those previously-known facts. Accordingly, it continues to by my position that a Rule 35 motion is not warranted for Mr. Gonzalez.

Sean Paul Cronin
Assistant United States Attorney
Southern District of Florida
H.I.D.T.A. Task Force
11200 N.W. 20th Street
Suite 101
Miami, Florida 33172
Phone (305) 715-7651
Fax (305) 715-7639
Sean.P.Cronin@usdoj.gov

-----Original Message-----
From: Ruben Oliva [mailto:rubenoliva@rojasoliva.com]
Sent: Tuesday, January 29, 2008 2:14 PM
To: Cronin, Sean P. (USAFLS)
Subject: Re: Gonzalez, Teodoro Julio

Hi Sean:

I'm wondering if you had the chance to review my letter regarding Teodoro
Gonzalez. If you've made a decision can you let me know so that I can relay
the good/bad news to my client?

Thanks,

Ruben

# Exhibit

# "H"



CORRECTIONS CORPORATION OF AMERICA
**NORTHEAST OHIO CORRECTIONAL CENTER**

THIS CERTIFIES THAT

TEODORO GONZALEZ

Has successfully completed the required course of study in the

40 hour Self Improvement Program, That included Motivation, Anger Management, Communication skills, and Parenting classes. Therefore awarded this

CERTIFICATE OF ACHIEVEMENT

Given this 4th day of June, 2010

_Assistant Warden_

_Substance Abuse Counselor_

Case 1:08-cr-00045-PAG Document 79 Entered on LSD Docket 03/21/2011 Page 71 of 84



CORRECTIONS CORPORATION OF AMERICA
NORTHEAST OHIO CORRECTIONAL CENTER

THIS CERTIFIES THAT

Teodoro Gonzalez

Has successfully completed the required course of study in the

20 hour Release and Reintegration, Employment, and Money Management

CERTIFICATE OF ACHIEVEMENT

Given this 31st day of May, 2010

_____
Assistant Warden

_____
Substance Abuse Counselor



CORRECTIONS CORPORATION OF AMERICA
NORTHEAST OHIO CORRECTIONAL CENTER

THIS CERTIFIES THAT

TEODORO GONZALEZ

Has successfully completed the required course of study in the

40 hour Self Improvement Program, That included Motivation, Anger Management, Communication skills, and Parenting classes. Therefore awarded this

CERTIFICATE OF ACHIEVEMENT

Given this 5th day of March, 2010

Assistant Warden

Substance Abuse Counselor



CORRECTIONS CORPORATION OF AMERICA
NORTHEAST OHIO CORRECTIONAL CENTER

THIS CERTIFIES THAT

Teodoro Gonzalez

Has successfully completed the required course of study in the

40 hour Substance Abuse Program and is therefore awarded this

CERTIFICATE OF ACHIEVEMENT

Given this 4th day of December, 2009

Substance Abuse Counselor

Assistant Warden

# Certificate of Completion

awarded to:

*Teodoro Gonzalez*

who has completed Navigation of the Adult Continuing Education classes and is therefore entitled to this certificate.  Presented at FCI Edgefield, South Carolina.

April 1, 2009

_V. Kepner, Supervisor of Education_

_B. Kelly, ACE Coordinator_

# Certificate of Completion

awarded to:

## Teodoro Gonzalez

who has completed Stock Broker of the Adult Continuing Education classes and is therefore entitled to this certificate. Presented at FCI Edgefield, South Carolina.

April 1, 2009

V. Kepner, Supervisor of Education

B. Kelly, ACE Coordinator





# Certificate of Completion

awarded to:

*Teodoro Gonzalez,*

who has completed Geography of the Adult Continuing Education classes and is therefore entitled to this certificate.  Presented at FCI Edgefield, South Carolina.

April 1, 2009

F. Kemper *Supervisor of Education*



B. Kelly, *ACE Coordinator*



# Certificate of Completion

awarded to:

## Teodoro Gonzalez

who has completed Political Science of the Adult Continuing Education classes and is therefore entitled to this certificate. Presented at FCI Edgefield, South Carolina.

April 1, 2009

_V. Kepner, Supervisor of Education_

_B. Kelly, ACE Coordinator_



# Certificate of Achievement

This certifies that

## Teodoro Julio Gonzalez

has satisfactorily completed

**Commercial Driver's License (CDL)**

Consisting of __20__ Hours of Training

This certificate is hereby issued this __25th__ day of __November__, 20 08

Upon completion of this class, the student will be able to. Define who need a commercial license. Define safe driving practices. Know the procedures to use for extreme driving conditions. Explain who can drive a vehicle hauling hazardous materials.



_____
M. Waldron
ACE Coordinator

_____
**Education Department**
FCI Marianna
Marianna, Florida

Mavis Beacon Teaches Typing

Version 16

20 Program Hours

Certificate of Accomplishment

Teodoro Gonzalez

Date of Completion
04/14/08

Regena R. Herring, Vocational Training Instructor/Coordinator
Ginger Lewis, Supervisor of Education
FCI Marianna Education Department

# Certificate of Completion

presented to

## Mr. Teodoro Gonzalez

for successfully completing the

### Beginning Harmonica Class

Sponsored by FCI Marianna's Recreation Department

This Twenty-Third day of September Two Thousand Eight

Program Coordinator

BP-S187.058 **PROGRESS** REPORT CDFRM
JUN 98

## U.S. DEPARTMENT OF JUSTICE

### FEDERAL BUREAU OF PRISONS

Institution Name: Northeast Ohio Correctional Center
2240 Hubbard Rd.
Youngstown, Ohio   (330)746-3777

Date: April 19, 2010

**Inmate Reviewed**

| Inmate's Signature | Date 04-19-10 | Staff Signature M. Mackey |
|---|---|---|

1. Type of Progress Report
☐ Initial    ☐ Statutory Interim
☐ Transfer   X Triennial         ☐ Pre-Release
                                  ☐ Other (Specify)

| 2. Inmate's Name: Gonzalez, Teodoro Julio | 3. Register Number: 76304-004 | 4. Age (DOB) 44 (12-07-1965) |
|---|---|---|

5. Present protection/Custody Level:  Low Security / In Custody

6. Offense/Violator Offense:
   Failure to appear;
   Possession of stolen property shipped in interstate commerce

7. Sentence:
   3559 PLRA Sentence; 96 Months with 3 Years Supervision
   3559 PLRA Sentence; 21 Months with 3 Years Supervision to run concurrent
   $100.00 Felony Assessment; $3,000.00 Fine
   $100.00 Felony Assessment; $1,506,875.00 Restitution

| 8. Sentence Began: 10-20-2006 | 9. Months Served + Jail Credit     42 Months Served + 125 Days Jail Credit | 10. Days GCT/or EGT/SGT    162 Days Earned Good Conduct Time |
|---|---|---|
| 11. Days FSGT/WSGT/DGCT  0/0/0 | 12. Projected Release:  09-02-2013 via GCT | 13. Last USPC Action:  N/A |

14. Detainers/Pending Charges:
Inmate Gonzalez has a pending detainer with the Bureau of Immigration and Customs
Enforcement (B.I.C.E.) for possible deportation to Cuba.

15. Co-defendants:
    None

Record Copy - Inmate File; copy - U.S. Probation Office; copy - Parole Commission Regional Office
(If applicable); copy - inmate(This form may be replicated via WP)   Replaces BP-s187.058 DTD FEB 94

U.S. Department of Justice
Federal Bureau of Prisons

Progress Report
(Continuation)

| Name: **Gonzalez, Teodoro Julio** | Reg # **76304-004** | Date: **April 19, 2010** |

**INSTITUTIONAL ADJUSTMENT:** Inmate Gonzalez arrived at Northeast Ohio Correctional Center (NEO) on 08-31-2009.  He has demonstrated good institutional adjustment while incarcerated at this facility.

A.  **Program Plan:** While Inmate Gonzalez was housed at Marianna FCI the unit teams recommended the following:  make scheduled Financial Responsibility Payments (FRP), complete RPP courses, enroll in Career Planning and English as a Second Language (ESL), complete Beginner Typing, complete Anger Management, enroll in Computer class, complete CDL, and Drug Education. While designated to Edgefield FCI unit teams recommended enrollment in Small Appliance Repair or Culinary Arts program and Money Smart computer class, obtain above average work evaluation, volunteer for Spanish Drug Education, and make scheduled FRP payments. Inmate Gonzalez has been teamed twice since his arrival at NEO.  During Program reviews unit teams recommended: making scheduled FRP payments, maintaining a job assignment receiving above average work evaluations; participating in vocational programs; complete Men's Group, and to save money for release purposes and savings. Inmate Gonzalez has also been encouraged to maintain unit and cell sanitation standards, clear conduct, and maintain positive family contact.

B.  **Work Assignment:** Inmate Gonzalez received satisfactory work evaluations when he worked as a Recreation Orderly at Marianna FCI and Edgefield FCI.  While incarcerated at NEO, he worked as a Hallway and Unit orderly where he has earned satisfactory and above average evaluations.  He has recently been assigned as a Fitness Tutor and has not yet received evaluations.

C.  **Education/Vocational Participation:** Inmate Gonzalez is currently not enrolled in any educational or vocational programs. He has completed a variety of courses during his incarceration.

D.  **Counseling Programs:** Inmate Gonzalez is currently participating in Men's Group and New Beginnings classes. Correctional Counselors are available to assist inmates in an as needed basis. He has also completed the following courses at Northeast Ohio Correctional Center on 09-11-2009: A&O Sex Assault Prevention, RPP/Hepatitus Awareness, and A&O HIV.

E.  **Incident Reports:**

| Date: | Code/Offense: | Disposition: |
|---|---|---|
| 07-12-2006 | 328 – Giving/Accepting Money w/o Auth. | 90 days phone restriction Suspended pending clear conduct |

F.  **Institutional Movement:**

| Institution | Date | Reason |
|---|---|---|
| Marianna, FCI | 04-18-2007 | Initial Designation |
| Edgefield, FCI | 11-25-2008 | Facility Reorganization |
| NE Ohio Corr Ctr CI | 08-31-2009 | Institution Classification |

Federal Department of Justice

Progress Report
(Continuation)

Name: **Gonzalez, Teodoro Julio**   Reg # 76304-004   Date: **April 19, 2010**

G.  **Physical and Mental Health:** Inmate Gonzalez is classified as regular duty with medical restrictions: lower bunk, athletic, standing restriction. He is cleared for work in the Food Service Department. He assumes full job duties and is expected to be employable upon release. He appears to be in average physical health with no signs of psychological abnormalities.

H.  **Progress on Financial Responsibility:** The sentencing court in the Southern District of Florida imposed a $100.00 Felony Assessment and $3,000.00 Fine for obligation 1 and a $100.00 Felony Assessment and $1,506,875.00 Restitution for obligation 2 against inmate Gonzalez at the time of sentencing. Through his participation in the Financial Responsibility Program, he completed his $100.00 Felony Assessment and is making scheduled payments toward his other obligations.

**RELEASE PLANNING:** Inmate Gonzalez is not eligible to participate in a Release Preparation program due to his anticipated release to The Bureau of Immigration and Customs Enforcement (B.I.C.E.).

A.  **RESIDENCE:**                To Be Secured Upon Release

B.  **EMPLOYMENT:**              To Be Secured Upon Release

C.  **SENTENCING DISTRICT USPO:**   **Mr. Frank Schwartz**
                                Chief U.S. Probation Officer
                                United States District Court
                                Southern District of Florida
                                315 David W. Dyer Federal Building
                                  And United States Courthouse
                                300 Northeast First Avenue
                                Miami, FL 33132-2126

                                W (305) 523-5300
                                F (305) 523-5496

16.  PREPARED BY: _M. Mackey_____   DATE: _04-19-10_
                  M. Mackey/ Case Manager

17.  REVIEWED BY: _____   DATE: _____
                  D. Yemma/Unit Manager

18.  **DATE TYPED:** 04-19-2010

## CERTIFICATE OF SERVICE

I, Teodoro Julio Gonzalez, certify under the penalty of perjury, that on September 16, 2010, I served a copy of Motion to Compel the Government to File a Rule 35(b) Motion for Reduction of Sentence, or for Reduction of Sentence Based on Defendant's Substantial Assistance upon the United States Attorney's Office Southern District of Florida, 11200 N.W. 20th Street, Miami, FL 33172.

Date:  September 16, 2010.                          Teodoro J. Gonzalez